In the Matter of the Estate of JAMES CONWAY, Deceased.

Surrogate's Court, New York County, February, 1923.

**Wills — construction — devise with condition as to rental.**

A bequest of money directed that so long as the legatee should remain a tenant in certain real property which passed to the son of testator, the residuary legatee under the will, the rent of the property should not be greater than ten dollars a month. *Held*, that the intention was to devise the property to the son of testator and he having accepted the devise must take it subject to the condition imposed.

PROCEEDING to construe a will.

*Maxwell Arent,* for petitioner.

*John M. Zurn,* for respondent.

FOLEY, S. This is an application for construction under section 145 of the Surrogate's Court Act. The 1st paragraph of the will of the testator bequeaths $400 to Mary Ann Donegan, and then continues: " I direct that as long as the same Mary Ann Donegan shall remain a tenant of my real property at 72 Dikeman Street, Brooklyn, New York, her rent shall be no greater than ten dollars ($10.00) a month." The petitioner is a son of testator, one of the executors and the residuary legatee under the will. While the will is inartificially drawn, the intention of the testator is clearly indicated. In my opinion that intention was to devise to his son the real property involved here, subject to and charged with the continued occupation of the same by Mary Ann Donegan as long as she wished, upon her paying a rental of ten dollars per month. She was an old and valued friend of the testator and lived on the premises for years prior to his death. A condition has been defined as " any qualification, restriction, or limitation, annexed to a gift, and modifying or destroying essentially its full enjoyment and disposal." Schouler Wills (5th ed.), § 598. The residuary legatee has accepted the devise and must take subject to the condition. The briefs of counsel do not cite, nor have I been able to find in this state, any case in point. A case somewhat applicable is *Linzy* v. *Whitney,* 110 App. Div. 462. In that case the widow was given a life estate in the real property left by the testator. The will provided, *inter alia,* for a home for testator's mother as long as she should live " provided she accepts the same at the house on my farm, but in case she resides or stays elsewhere * * * she is not entitled to any support." The widow was directed to furnish the mother with such home. In case the wife remarried, the will required her to sell the lands " and after paying all the payments and satisfying all the provisions hereinbefore made, to divide the remainder of the proceeds among and pay the same to herself the one-third, and the other two-thirds equally " to persons named. The house burned down and the mother was forced to live elsewhere with another son. The widow shortly thereafter remarried. The court held that board for the mother at five dollars per week should be charged against the proceeds of a sale of the lands. In the will to be construed here, the language clearly manifests an intention to impose a charge upon the property devised, in aid of the support and maintenance of Mrs. Donegan. *Borst* v. *Crommie,* 19 Hun, 209. Schouler, in his treatise on Wills (§ 601, 5th ed.), in relation to testamentary gifts upon conditions

MATTER OF LUTHER KOUNTZE. **289**

Misc. 289]    Surrogate's Court, New York County, February, 1923.

precedent or subsequent, states: " In truth, however, the question is mainly one of intent under the particular will; and courts stand up for justice and public policy when interpreting a will, and make the construction conform if possible. Rejection for repugnancy is only one of its weapons for making out a lawful and reasonable disposition, and much of the artificial reasoning under this head amounts to nothing more." In *Tibbits* v. *Tibbits*, 19 Ves. 656, a clause that the rents of existing tenants should not be raised was pronounced valid and not repugnant. Jarman Wills (6th ed.), 1466. The provisions of the will under consideration here justify a similar construction by the surrogate. It is significant that there is here no specific devise of the real property, but that it passes under the general terms of the residuary clause. If the devise had been specific, perhaps a stricter enforcement of the rule against repugnant conditions might have been necessary.

Submit decree on notice accordingly.

Decreed accordingly.