In the Matter of the Estate of ANNIE CARNEY, Deceased.

Surrogate's Court, Kings County, November 19, 1934.

*John Edward Field,* for Owen Carney, administrator.

*Charles W. Phillipbar,* for Helen Dunnigan, executrix.

WINGATE, S. The question presented on this accounting concerns the propriety of the allowance of commissions and expenses to the administrator.

Letters of administration were issued to the applicant on or about July 27, 1933, on the faith of the allegations of his petition, one of which, here material, was that the decedent had left no will. As a matter of fact, there was at that time in the applicant's possession a paper which the Appellate Division has determined (*Matter of Carney*, 242 App. Div. 650) to be a good and valid will of this decedent. It follows that the accountant's connection with the estate was procured by reason of a false suggestion of a material fact. The circumstance that this allegation was made in good faith cannot aid him. Under the law, he was a mere interloper, and his action in the premises, without first obtaining a judicial determination of the controverted question, was at his own peril.

He owed no duty to the decedent or to the estate as might have been the case had he been named as executor in a previous will. His primary concern was to obtain for himself a part of the assets of the decedent in the capacity of a statutory distributee in intestacy. He was a mere intermeddling volunteer, and in favor of such the law creates no obligation of reimbursement or remuneration except in so far as their acts can be demonstrated to have been substantially beneficial.

In the present instance, no such showing has been made. The sole assets of the decedent consisted of three savings bank accounts which required no custodian in the nature of a temporary administrator for their preservation.

Aside from commissions to the deposed administrator, the controversy centers upon an unpaid bill for premiums on his bond in that capacity and for the services of his attorney. Neither of these expenditures can by any flight of the imagination be deemed to have been beneficial to the estate and no authority or valid argument has been advanced as a reason why the funds which, on the law of the case, the testatrix dedicated to others, should be employed for the indemnification of a volunteer who has been unsuccessful in his efforts to divert a part of it to himself.

There is no more reason under the present circumstances for saddling the cost of bond premiums and attorneys' fees on this estate than there would be of requiring a successful defendant in a replevin action to solve the like obligations of his defeated antagonist. It is not the policy of the law to reward unsuccessful litigants out of the property of their more fortunate opponents. (*Matter of Sloat*, 143 Misc. 170, 171, 172.)

This does not, of course, mean that the attorney for the accountant does not possess enforcible rights against his client in his individual capacity, but merely that such obligations of the latter are not solvable from the assets of this estate.

The expenses connected with the appeal, aggregating $406.43, paid out by direction of the court, are not controverted and will be allowed. The remaining sum of $7,407.71 will be paid over to the executrix in its entirety.

Enter decree on notice accordingly.