In the Matter of the Estate of ABRAHAM DAMSKY, Deceased.

Surrogate's Court, Kings County, September 23, 1937.

*Edward Rager*, for the petitioner, Philco Radio and Television Corporation.

*Gruber & Gruber*, for Bernard Damsky, as administrator, etc.

WINGATE, S. Not the least astounding of the many extraordinary features of this case is the gross misconception displayed by the respondent concerning the interest of this court in the conduct of its appointed fiduciaries and its concern in respect to the assets committed to their charge.

Abraham Damsky died intestate on March 27, 1934. One week later letters of administration were issued to the present respondent, Bernard Damsky. His petition in this regard represented the personal property of the decedent did not exceed $1,500 and his realty $6,000 in value. On the faith of these representations his official bond was fixed in the sum of $3,200. No disclosure was made respecting any business of the decedent, but it is now alleged without denial that he was engaged in a merchandising business which had an annual turn-over of approximately $291,000 and total assets (according to a purported signed credit statement of the administrator, dated July 7, 1936) aggregating $127,341.42.

Despite his complete lack of authority so to do (*Willis* v. *Sharp*, 113 N. Y. 586, 589; *Columbus Watch Co.* v. *Hodenpyl*, 135 id. 430, 434; *Manhattan Oil Co.* v. *Gill*, 118 App. Div. 17, 18; *Matter of McCollum*, 80 id. 362, 363; *Saperstein* v. *Ullman*, 49 id. 446, 448; *Matter of United States Mortgage & Trust Co.*, 114 id. 532, 536; *Matter of Glass*, 134 Misc. 291, 294; *Matter of Gorra*, 135 id. 93, 98; *Matter of Kahn*, 140 id. 532, 534), the administrator, it is alleged and not denied, has continued this business up to the present time, and during the period of less than a year between November 4, 1935, and October 12, 1936, purchased from a single concern in the name and for the purported account of the estate, merchandise aggregating $35,096.30 in value for use in the business.

The situation thus alleged to exist has been brought to light by the petition of this creditor, the Philco Radio and Television Corporation, which asserts the existence of an indebtedness of $3,627.57 on account of such merchandise sold to the administrator in his official capacity subsequent to the death and seeks a direction from this court compelling the administrator to post a bond more commensurate with the value of the assets in his hands.

The answering affidavits filed on behalf of the administrator make no attempt to deny any of these damning allegations which, if substantiated, would demonstrate that the administrator had secured his appointment at the hands of this court as a result of grossly false and fraudulent representations of material facts warranting his removal from office (Surr. Ct. Act, § 99, subd. 4; *Matter of Carney*, 153 Misc. 505, 506; *Matter of Gant*, 142 id. 446, 451; *Matter of Bennett*, 135 id. 486, 496), but contents himself with an attack upon the status of the petitioner as a person interested in the estate.

His thesis for the refusal by this court to compel the filing of an adequate bond is that an application therefor may be presented only by a person who is interested in the estate (Surr. Ct. Act,

§ 107), which does not include a creditor whose status as such arose by reason of transactions occurring subsequent to the death of the decedent (Surr. Ct. Act, § 314, subd. 10); that the Philco Corporation is not such a person, and that, his alleged representations to the contrary notwithstanding, the administrator had no authority to bind the estate in his transactions with it.

The potential liability of the estate to the Philco Corporation has already been considered by the Appellate Division of this Department in *Philco Radio & Television Corp.* v. *Damsky* (250 App. Div. 485). It is true that this decision was rendered on an appeal from an order denying a motion to dismiss the complaint of the Philco Corporation for the recovery of this particular debt, in which the allegations of the complaint, including one of consent by all distributees to the continuance of the business, were necessarily accepted as true. It may be noted, however, that the present petition contains similar allegations, wherefore it would be an act of the utmost temerity for this court to say that within the limits set by the opinion of Mr. Justice HAGARTY in the Supreme Court action, a recovery could not be had in this court on a final accounting by this alleged creditor.

In the opinion of this court, however, all this is wholly beside the real point which is presently in issue. The basic question for determination is whether or not the bond of the present administrator is adequate to safeguard the assets of the estate. The Surrogate's Court Act provides alternative procedure for compelling the giving of additional security where the exigencies of the case demand it. The first is specified in section 107 of the act and may be initiated by " any person interested." The second is contained in the next to the last sentence of section 121 which reads: " The bond fixed by the surrogate may at any time be increased *on his own motion.*" (Italics not in original.)

If the situation in respect to the assets of the estate is as asserted and not denied, this is an occasion on which the surrogate should and will act " on his own motion." He has been put on notice that an egregious fraud potentially disastrous to the welfare of the estate is alleged to have been committed and the alleged perpetrator thereof has met the accusation not by denial but by attempted evasion.

Even though it were to be granted that the Philco Corporation lacks the capacity to initiate the proceeding to this end, it, like any other person in the community, is privileged to call facts to the attention of the court which would necessitate remedial action by the court itself. This might have been done by a mere letter as is frequent experience. It has been done in more cogent form.

In any action by the court on its own motion, it is customary to request some person to act as its agent in the premises and to wield the laboring oar in any requisite demonstration. The court accordingly requests the petitioner through its attorneys to act in that capacity, and in the absence of a declination will anticipate that the pertinent facts will be developed on October fourth next which is the date for which the matter is now set for hearing.

Proceed in conformity herewith.