## In the Matter of the Estate of JOHN J. CAMPBELL, Deceased.

Surrogate's Court, New York County, June 10, 1939.

*Jesse Watson* [*Ernest M. Garbe* of counsel], for the petitioners.

*Matthew B. Sentner* [*James A. McKaigney* of counsel], for the respondents.

*T. Louis A. Britt*, special guardian.

FOLEY, S. The complications in the interpretation of the will of the testator have been the subject of a prior decision of the Surrogate, which was affirmed by the Appellate Division. (*Matter of Campbell*, N. Y. L. J. Feb. 8, 1936, p. 721; affd., 251 App. Div. 820.) Additional questions are raised in the pending proceeding for construction. Certain of them were disposed of by my preliminary decision, (N. Y. L. J. March 29, 1939, p. 1430), and certain others by my rulings upon the argument.

(1) The most important remaining question involves the effect of a condition attached to a bequest to the testator's son, John J. Campbell, Jr., under the eighth subdivision of the second paragraph of the will. It reads as follows:

" 8. To my said son John, the other half of all my other lodging house business, and the personal property and equipment used in connection therewith; also my office or offices.

"This gift is conditioned, however, upon his agreement if he survives me to conduct the entire lodging house business left by me to others of the family, for their benefit, and for so long a time as they may desire it, without making any charge therefor, he to make monthly returns thereof. The accounts therefrom due to my minor children to be paid, during their minority, to the persons named herein as Executors, Guardians and Trustees, unless some other proper representative shall be appointed. Said agreement to be made by him within one month after probate of this will."

In addition to the son mentioned in this paragraph, the testator left three daughters. By other provisions of the will he had bequeathed one lodging house to the son and to his daughter, Marie Sinclaire; another he had given to his wife and to his daughters Patricia and Ruth as tenants in common. His wife renounced this legacy by her formal election to take dower in the husband's estate in lieu of the testamentary provisions for her benefit. He gave another lodging house in trust for the benefit of his daughters Patricia and Ruth. He left other lodging houses, one-sixth of which he gave in trust for the life of his daughter Marie, with certain directions for the termination of the trust during her life. An additional two-sixths he gave in trust for the lives of his daughters Patricia and Ruth. Under the terms of the will, as each daughter attained the age of twenty-one years, the trust was directed to be terminated and she was given her one-sixth interest outright. Each of these daughters has attained her majority.

The question presented for determination is the length of time imposed by the condition of the legacy to the son, John J. Campbell, Jr., during which he is required to conduct, without compensation, the entire lodging house business for the benefit of the members of the family. The son contends that the condition attached to his bequest endured only for the minorities of the two infant daughters and in no event was he required to serve without compensation after the date when the youngest daughter attained majority. The daughters on the other hand contend that the condition attached to his legacy extended beyond the termination of the trust and that the son is required to manage the business for their benefit under the language of the will " for so long a time as they may desire it."

The surrogate sustains the latter contention. A testator may impose, as a condition for the acceptance of a devise or legacy, any reasonable restriction not violative of the public policy of the

state. (*Matter of Liberman*, 279 N. Y. 458; *Oliver* v. *Wells*, 254 id. 451; 2 Schouler on Wills, etc. [6th ed.], § 1331.) " One who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it " (*Havens* v. *Sackett*, 15 N. Y. 365, 369). There are numerous decisions which hold that a legacy or devise is valid where it requires as a condition the support of some other person for his life. (*Collister* v. *Fassitt*, 163 N. Y. 281; David's New York Law of Wills, §§ 887, 1091.) In other cases a devise to A, upon condition that he permit B to use part of the premises free of rent, or at a specified rent, has been held valid. (*Matter of Conway*, 120 Misc. 287; *Linzy* v. *Whitney*, 110 App. Div. 462; 2 David's New York Law of Wills, § 853.) In each of these cases, where the devisee or legatee fails to comply with the condition contained in the will, a court of equity under appropriate circumstances may enforce obedience or decree forfeiture by reason of the breach of duty under the will.

In the present proceeding within the period of one month required by the mandate of the testator, the son executed a written agreement wherein the material terms of the will were set forth and in which he promised to comply with the condition of management of all the lodging houses. The bequest to him, given subject to the condition, was a valuable one. Entirely aside from the principal value of the various houses, he has derived a substantial annual income from his share of the profits of their operation. The testamentary gifts to him were acts of bounty merely. " The testator was free to withhold them altogether, or to subject them to conditions, whether sensible or futile. The gift is to be taken as it is made or not at all." (CARDOZO, Ch. J., in *Oliver* v. *Wells*, 254 N. Y. 451, 459.) The son has accepted the legacy and must take it subject to the duty imposed upon him by the condition attached to it.

I accordingly hold that he is required to manage, without compensation, all of the lodging houses for so long a time as his sisters Marie, Patricia and Ruth " may desire it " and that his duty continued beyond the date when the youngest child attained the age of twenty-one years.

Further inquiry is made as to whether such obligation will be affected by the conveyance hereafter by any one of the daughters of her interest in the business. The answer to that question must be found in the purpose expressed in the terms of the will that so long as any one of the three daughters continues to have an interest in the business derived under the will, the duty of management without compensation as to her share is cast upon the son. If any one of them conveys or transfers her interest or dies, the

benefit given by the testator will cease as to that share and the son may charge against such share reasonable compensation. The privilege granted was a personal one and was not intended to extend to persons other than the designated members of the immediate family.

The surrogate further holds that by reason of the renunciation of the rights of the widow of her share in one of the houses, she has no right to enforce management by the son without compensation for the benefit of her children and against their wishes. Nor has she any right to compel the performance of the condition as to her intestate share of that part of the business which passed by reason of her renunciation.

The condition written by the testator in his will was limited to testamentary benefits and solely to the members of his family who accepted such testamentary benefits. The widow by her rejection of the legacy is, therefore, excluded from the right to enforce the condition.

(2) By my previous decree on construction which was affirmed by the Appellate Division I held that by reason of the renunciation by the widow that the benefits under the will, the one-third interest in the lodging house 2258 and 2260 Third avenue, New York city, passed as intestate property. The renounced legacy was given by the fifth subdivision of the second paragraph of the will. The prior decree is *res adjudicata* upon the question raised and the widow is entitled to her statutory intestate share as a distributee. That conclusion, however, is subordinate to a further direction. As a general asset of the estate the intestate property must be applied to the payment of administration expenses and debts before the other properties specifically bequeathed or devised may be applied to such charges. The net income derived from the intestate property must likewise be applied on account of administration expenses and debts.

(3) The real estate located at No. 259 Bowery, New York city, and the lodging house business and equipment therein passed exclusively for the benefit of Patricia and Ruth, the testator's daughters, and vested in them under the terms of the seventh subdivision of the second paragraph of the will when they attained their majority. I specifically hold that neither the daughter Marie nor the son John J. Campbell, Jr. has any interest whatsoever in that property. My original decree of construction is conclusive upon this issue.

(4) The power and discretion given to the trustees to terminate the residuary trust of the real estate before the daughters Patricia and Ruth attain the age of twenty-five years must be exercised by

the unanimous action of the three trustees. The authority vested in the trustees calls for the exercise of judgment and discretion and the trustees must unite in their decision. A majority is insufficient. (*Cooper* v. *Illinois Central R. R. Co.*, 38 App. Div. 22, 28; *Matter of Johnson*, 123 Misc. 834, at p. 844.) It is the well established rule that where the acts of the trustees call for the exercise of judgment and discretion, the concurrence of all is necessary. (*Cooper* v. *Illinois Central R. R. Co.*, *supra*.) The rule is otherwise where ministerial duties are to be performed. In addition to these pertinent rules, there is strong indication in the will of Mr. Campbell that he required the concurrence and unanimity of his trustees. In paragraph fifth he directed that all checks against deposits of estate funds be signed by all the fiduciaries.

(5) The legacy under the ninth subdivision of the second paragraph of the will " To my said son John, my Venetian scene mosaic, all jewelry and personal effects not specifically disposed of, * * * " did not carry with it the mortgage on the property located at Ocean avenue and Cottage road, Monmouth Beach, New Jersey. The words " personal effects " must be construed under the doctrine of *ejusdem generis*. In their close association and connection in the paragraph with the word " jewelry," they must be held to apply to purely personal effects. They were not intended to comprehend a mortgage or other form of security. (*Matter of Thompson*, 218 App. Div. 130; affd., 245 N. Y. 565; *Matter of Robinson*, 203 N. Y. 380, 386.) In my prior decree of construction I held that the will contained no residuary clause disposing of the personal property within the estate. This mortgage, therefore, passed by intestacy to the distributees of the testator including his widow. It is, however, applicable in the first instance to the payment of administration expenses and debts for the same reasons that relate to the legacy renounced by the widow in the lodging house situated at 2258 and 2260 Third avenue, New York city, and discussed above.

Submit decree on notice construing the will accordingly.