In the Matter of the Will of FRANKLIN J. MATCHETTE, Deceased.

Surrogate's Court, New York County, March 30, 1944.

*Anthony J. Maucieri* for Merlin Hull, Percy S. Kaufman and others, as executors and trustees, petitioners.

*John Moncrieff* for Percy S. Kaufman, individually, and others, respondents.

*S. Stanley Kreutzer* for Franklin J. Matchette Foundation, Inc., respondent.

FOLEY, S. In this proceeding a construction of the will is sought by the executors and trustees in respect of six particular issues. Certain of the parties have waived issuance and service of a citation and in their waivers have consented expressly to a construction of the will in conformity with the interpretation given to it by the executors and trustees. The remaining parties have appeared by attorneys who have urged a like construction. The facts have been stipulated.

Upon such consents the construction contended for by the parties is adopted by the Surrogate to the following extent: (1) The annual payments to designated beneficiaries, pursuant to article twelfth of the will, are to be computed from the date of decedent's death; (2) the payment of $500 to Thomas Harvey Smith for services rendered to the estate is approved; (3) Louis D. Matchette, an executor and trustee, shall be entitled to receive from the Nitragin Corporation, a company controlled by the estate, reasonable compensation for any services ren-

dered by him as an officer and employee of such corporation; and (4) the *in terrorem* clause of the will has not been violated by the unsuccessful effort to file unsigned and unverified objections to probate on behalf of William H. Matchette who disclaims responsibility for such attempted filing.

The two remaining issues set forth in the petition involve the testamentary provisions for the benefit of Percy S. Kaufman. An annual compensation of $1,500 is provided him as an executor and trustee. By article twelfth of the will, the trustees are directed to pay him $5,000 annually from the income of the residuary trust. A later provision states: " The income hereinabove provided for Percy S. Kaufman is given upon the condition that as long as his health permits he will devote his full time and service to the business affairs of my estate and to all property held from time to time by my executors and trustees, without compensation other than the income hereinabove given to him and the annual compensation hereinafter provided for him as executor and trustee; provided, that if at any time by reason of mental or physical illness he becomes unable to perform such services, he shall continue to receive the said income as long as he lives."

The Surrogate is asked to read into the quoted provision an authorization to pay Mr. Kaufman additional compensation for services rendered to corporations either wholly owned by the estate or controlled through stock held by the estate. The petitioners also request that the Surrogate determine whether the will permits that part of the time of Mr. Kaufman not devoted to the affairs and property of the estate to be employed in other gainful occupations or employments.

The language of the testator does not lend itself in any wise to the suggested construction. The intention of the decedent to impose a condition upon the benefits given to this executor and trustee is expressed clearly. The restriction is one which the testator lawfully could impose as a condition for the acceptance of such benefits. Since the executor has qualified, he must be deemed to have agreed to receive the limited compensation with the condition attached to it by the testator. (*Matter of Campbell*, 171 Misc. 750, affd. 261 App. Div. 899; *Matter of Liberman*, 279 N. Y. 458; *Oliver* v. *Wells*, 254 N. Y. 451.) *Matter of Campbell* (*supra*) is closely in point. There the will of the decedent, who had been in the lodging house business, bequeathed an interest in one lodging house to a son and bequeathed other lodging houses in trust for the benefit of daughters. The gift to the son was conditioned upon his agree-

ment to conduct the entire lodging house business left to others for their benefit and "for so long a time as they may desire, without compensation." The Surrogate sustained the contention of the daughters that the condition attached to the son's legacy extended beyond the termination of the trust and the acceptance of such legacy obligated the son to manage the business without compensation for so long a time as his sisters might require. The holding of the Surrogate was affirmed by the Appellate Division without opinion.

The foregoing construction of the will, which is required by the stated intention of the testator, does not preclude all the interested parties from consenting to the payment to Mr. Kaufman of such extra compensation as they may consider reasonable, since such payment will be borne by them exclusively. There is no intimation in the facts presented to the Surrogate that Mr. Kaufman now is engaged in or presently contemplates employment other than as an officer or employee of the companies owned or controlled by the estate. Such services are held to be within the intendment of the will.

Submit decree on notice construing the will accordingly.