George Fraekeethaler, S.
This proceeding was instituted to settle the final account of the administratrix c. t. a. Deceased died November 29, 1949 and on December 29 of that year, a will dated June 13, 1949, was admitted to probate in this court and letters of administration c. t. a. issued to decedent’s widow, the petitioner herein. Subsequently, application was made to vacate the probate decree and revoke the letters of administration on the ground that the will had not been validly executed. The court found that one of the two subscribing witnesses had signed the instrument after deceased’s death and the decree was vacated and the letters revoked. The present account by the deposed fiduciary covers the period from November 29, 1949 to July 15,1950, the date of her removal.
There was found in decedent’s safe-deposit box the sum of $6,000 in cash and a lady’s diamond clip. Petitioner claims both items as her personal property and the special guardian has objected thereto. The safe-deposit box was rented by deceased on April 2, 1948 and on June 10, 1949 he signed an authorization permitting his wife to have access thereto. This authority remained unrevoked at the date of death.
No proof was offered by petitioner as to the ownership of the cash and the fact that it was found in deceased’s personal box evidences his ownership thereof. The claim as to this item is disallowed.
The diamond clip was purchased by deceased as an engagement present for petitioner, was given to her and was worn by her on several occasions. Upon this proof and in light of the fact that petitioner had access to the box after June 10, 1949, the court holds that the clip is her property.
There was also found in said safe-deposit box, in an envelope marked “Property of Mr. & Mrs. J. Gould”, a number of merchandise bonds. Petitioner claims all of these and the special guardian argues that she is entitled to but one half thereof. No proof was submitted on this issue. There is no presumption in this State that property held in the names of husband and wife is held by them as joint tenants. Generally, when property is taken in such form and the source or ownership of the funds is unknown, the parties take as tenants in common (Real Property Law, § 66; Belfanc v. Belfanc, 252 App. Div. 453, 456, affd. 278 N. Y. 563). Accordingly, the court holds that petitioner and the estate are each entitled to half of the bonds.
In Schedule C-l petitioner requests approval of payments to a firm of public accountants and to several attorneys for services rendered to the estate. The special guardian has *29 objected to these proposed expenditures, it being his contention that petitioner was guilty of fraud in procuring the execution and probate of the 1949 will and that therefore she is not entitled to charge her expenses to the estate.
If the execution or probate of the will was caused by the fraud or undue influence of the fiduciary, costs and expenses will be disallowed (Matter of Marshall, 189 App. Div. 477; Matter of Reeves, 266 App. Div. 799, mod. on other grounds 266 App. Div. 968, affd. 292 N. Y. 711; Matter of Lachat, 184 Misc. 492; Matter of Jackson, 127 Misc. 187; Matter of Limberg, 60 N. Y. S. 2d 669; Matter of Carney, 153 Misc. 505), and preliminary inquiry therefore must be directed to the good faith of the accounting party.
It appears that shortly after deceased’s death petitioner well knew and declared that the will was invalid as it had been witnessed by only one person; that one of those present then and there volunteered to sign as a witness and that he did so either in the presence of petitioner or with her acquiescence. Thereafter, although petitioner knew that the will was invalid she signed the petition for probate. Her attempt to cast the onus of these actions upon others finds no support in the proof. The court holds that petitioner was guilty of fraud in procuring the execution and probate of the 1949 will and her request that her expenses be charged to the estate is denied.
However, it appears that certain services which are not attributable to petitioner’s fraud, were of importance in the administration of the estate and would have been required irrespective of her fraud. To the extent that such services represent a substantial and positive contribution to the proper administration of the estate, the court is prepared to make reasonable allowance therefor (Matter of Yonk, 113 Utah 367).
Petitioner engaged a firm of certified public accountants who performed services in connection with the liquidation of the wholly owned corporations and the inventorying of assets in the present account. These services were of considerable benefits to the estate and would have been required regardless of petitioner’s malfeasance. The court fixes their compensation from the estate at $1,750.
The firm of attorneys who represented petitioner during the proceeding to vacate the decree ofc probate were retained by her in her individual behalf and for her personal protection. Their services were occasioned solely by her derelictions, were of no aid in the administration of the estate and therefore are not compensable from the estate.
*30 While the affidavit of services of petitioner’s present attorney includes all work performed by him, the request for compensation contained in the account specifically excludes his fees on the motion for the removal of the administratrix c. t. a., the motion for increasing the bond of the administratrix c. t. a., and the motion for a depository.” As certain of the services rendered by him would have been necessary in the administration of the estate irrespective of petitioner’s fraud and as he made a valuable contribution to the liquidation of the estate assets and the winding up of the estate, the court allows him the sum of $2,250 as compensation from the estate. The disbursements listed in the affidavit of services are also allowed.
The application of petitioner’s former attorney for compensation under section 231-a of the Surrogate’s Court Act has been opposed on the additional grounds, first, that he was a party to the fraudulent probate, and second, that he has released all claims against the estate.
The proof falls short of establishing the allegation of fraud as to this will and this part of the objection is dismissed. The release signed by claimant expressly excepts from its coverage his claim “ for legal services and disbursements rendered and expended to the said Elsie B. Gould as administratrix c. t. a. of the estate of the said Jack Gould.” This reservation negatives any intent on the part of said claimant to release his claim for services requested by her in her capacity as administratrix. The court fixes his total compensation at $1,500, plus $40 disbursements incurred in the original probate proceeding, of which $1,000 is to be paid from the estate generally and $540 from petitioner’s interest in the estate. The remaining disbursements were not incurred in connection with the administration of the estate and the court therefore makes no determination with respect thereto.
As the court has held that petitioner was guilty of misconduct in procuring the execution and probate of the will, commissions are disallowed (Matter of Limberg, 281 N. Y. 463, 466; Matter of Bushe, 227 N. Y. 85, 90; Matter of Rutledge, 162 N. Y. 31; Matter of Taft, 145 Misc. 435; Matter of Sharp, 140 Misc. 427; Matter of Stevens, 92 N. Y. S. 2d 226).
However, petitioner performed valuable services in connection with the liquidation of the two wholly owned corporations whose stock comprised a substantial proportion of the estate assets. She had served as an officer of the corporations during decedent’s lifetime. Her services contributed to the proper administration of the estate and the amount charged therefor *31 cannot be said to be unreasonable. Accordingly, the special guardian’s objection is dismissed (see Lent v. Howard, 89 N. Y. 169; Matter of Matchette, 183 Misc. 228; Matter of Davison, 173 Misc. 323; Matter of Gerbereux, 148 Misc. 461; Matter of Berri, 130 Misc. 527; Matter of Downey, 82 N. Y. S. 2d 834; Matter of Saver, 56 N. Y. S. 2d 623; Matter of Smythe, 6 Misc 2d 130).
The motions to strike upon which decision was reserved are granted. As the remaining objections have been disposed of by the parties, a decree settling the account may be submitted on notice.