John D. Bennett, S.
The obj ectant to the judicial settlement of the account of the executor is a general legatee, to whom the decedent bequeathed the sum of $5,000. It is the accountant’s position that the estate is insolvent and there is no property from which the legacy may be paid. The objectant asserts that certain securities now held by the accountant as his personal property, are in fact estate property.
The accountant, who is the decedent’s husband, claims as his personal property certain shares of stock which were registered in the decedent’s name. He also claims ownership of two bearer bonds and the proceeds of a checking account in the names of himself and the decedent. Some of the shares of stock were kept in a joint safe-deposit box of the decedent and the accountant, and the rest was pledged as collateral security for a loan. The bearer bonds were also kept in the joint safe-deposit box.
The accountant contends that the registration of the stocks in his wife’s name was only nominal in nature, that he exercised dominion and control over the securities, and that the source of payment for the securities was his personal funds.
The record reveals that the decedent had a trading account (which had been opened for her by the accountant) with Unger-leider & Co. All of the securities in issue in this proceeding were purchased through the decedent’s account. The decedent, by a written agreement, had designated her husband as agent to buy and sell securities for her account, and to receive delivery of the securities and payment of money on her behalf. Under this authorization the decedent agreed to hold Unger- *59 leider & Co., harmless from any losses which might arise in connection with her account-
The securities were purchased with funds from joint bank accounts of the decedent and the accountant. In each instance the securities were paid for by a check of the decedent, or by a bank check made payable to her order and indorsed over.
The accountant has sought to prove that the source of moneys deposited in the joint bank accounts was his personal funds. The decedent earned and received some moneys, during the period in question, which were deposited in the joint bank accounts, but it would appear that the major part of the funds from which the securities were purchased had their source in the personal funds of the accountant.
The accountant has asserted that the decedent could have acquired the securities only through a gift from him, and therefore, the burden of proving such a gift must be met by the objectant. However, the accountant in this proceeding is claiming title to securities which were registered in the decedent’s name, and to securities which were purchased through her account. She is deemed the owner of the securities (Personal Property Law, § 182; Peets v. Manhasset Civil Engineers, 4 Misc 2d 683) and the burden of proving that title is in the executor and must be borne by him. (Surrogate’s Ct. Act, § 212; Matter of Gentry, 139 Misc. 759.)
The accountant has not proved title to the securities in himself. The fact that some of the securities were paid for by moneys whose original source were his personal funds is not sufficient, in and of itself, to establish title. This fact is as consistent with the premise of a gift to the decedent, as it is with the premise that she was merely a nominal registrant. Further, the fact that the accountant exercised control in the purchase and sale of the securities is not necessarily probative of title-in him, but again is consistent with his status as agent under the written authorization of the decedent, which authorization was revocable by the decedent.
There is insufficient competent evidence to convince the court that title in the decedent was only nominal. The record indicates the contrary. As previously pointed out, the securities which were purchased in the decedent’s name or through her account were paid for by checks of the decedent or by bank checks drawn to her order. Many of the securities were kept in a safe-deposit box which was in her name as well as her husband’s.
There are other corroborating circumstances which cast doubt upon the claim of the accountant. In his petition for probate *60 the accountant stated that the assets of the decedent were approximately $16,000- This would of necessity include the securities in question. The accountant, in arranging for the transfer of the stock to his personal account, filed affidavits in which he described himself as the sole heir entitled to the stock ‘ ‘ belonging to said decedent ’ ’.
The accountant asserts that it was his intention to arrange for the nominal registration of the securities in his wife’s name for her protection in the event of his death. However, the accountant was very experienced in securities transactions and he testified that he was aware that the securities in question could have been issued jointly, with the right of survivorship, and that he was familiar with the use of trustee accounts. He could therefore have accomplished his stated objective by other methods, if title to the securities was not intended to be in the decedent.
Also involved in this proceeding is the claim of the accountant that he is entitled to the entire proceeds contained in a checking account in the name of the decedent and the accountant, and which contained no language of survivorship. Although this account was originally opened by the accountant with his funds, moneys deposited in the account included earnings by the decedent, dividends on stocks in the name of the decedent, and moneys received on the sale of such securities.
There is no presumption of survivorship in a commercial account in the absence of statutory language. Further where the account in question includes joint contributions of husband and wife, or where the source of ownership of the funds is not known, there can be no presumption of survivorship. (Cf. Belfanc v. Belfanc, 252 App. Div. 453, 456.) The authority cited by the accountant, in urging a presumption of survivor-ship, pertains to savings accounts where the husband conferred upon his wife the right of survivorship by creating an account in their joint names which contained only his funds.
The proof does not establish what proportion of the funds in the joint checking account belongs to the accountant and what proportion belongs to the estate. It will be presumed therefore that each was owner of one half of the account (Jackson v. Moore, 94 App. Div. 504, 507).
The decedent’s entire estate is bequeathed to the accountant, except for the objectant’s legacy. The securities and the one-half interest of the estate in the checking account are more than sufficient to provide for the payment of the legacy. The accountant has deposited $5,000 in the estate account for this purpose in the event of an adverse ruling, and distribution therefore *61 should be made to the objectant in the amount of her legacy, together with interest at 3% from October 14, 1955 to the date of payment (Surrogate’s Ot. Act, § 218). The executor’s account should be amended to include as estate property the securities in question, the dividends received by the accountant on said securities since the date of the decedent’s death, and one half of the proceeds in the checking account.
Many of the remaining objections to the account of the executor have been disposed of by stipulation. Objection “ Second ” was withdrawn in part, and the balance was covered by the foregoing opinion. Objections “Fifth”, “Sixth”, “ Seventh ”, “ Ninth (b) ” and “ Tenth ” have been withdrawn by the objectant, subject to the stipulation that the assets of the estate be increased by an additional $333.70. Objection “ Eleventh ” is granted, as there is no claim against the estate by the Atlantic Bank of New York. Objection “ Seventeenth ” is granted, as the summary statement of account is improper, and because it includes a credit for ‘1 debts actually paid ’ ’ to the accountant, whereas such debt has not been proved by him and allowed by the court. All other objections shall be disposed of in conformity with the foregoing opinion.
The objectant requests costs, pursuant to section 278 of the Surrogate’s Court Act, and an allowance for attorneys’ fees payable out of the estate. Such request is granted to the extent that costs will be taxed and allowed on submission of a bill of costs by the objectant.
Submit decree on notice.