In the Matter of the Estate of WILLIAM R. TUTTLE, Deceased.
In the Matter of the Accounting of CARL D. THOMY et al., as Executors of WILLIAM R. TUTTLE, Deceased. MILDRED K. TUTTLE et al., Appellants; GENESEE VALLEY UNION TRUST COMPANY et al., as Executors of WILLIAM R. TUTTLE, Deceased, Respondents.

Fourth Department, July 12, 1957.

*Walter J. Holloran* for Mildred K. Tuttle, appellant.

*Theodore H. Solomon,* special guardian for Susan Lee Hanks and others, infants, appellant.

*David H. Shearer,* respondent in person and for Genesee Valley Union Trust Company, respondent.

*Leonard S. Zartman* for Carl D. Thomy, respondent.

*Per Curiam.* Mr. Carl D. Thomy, Mr. David H. Shearer and Genesee Valley Union Trust Company are executors and trustees under the last will and testament of William R. Tuttle, deceased. Mr. Thomy is a member of the partnership of Carl D Thomy & Company, certified public accountants. The executors employed Mr. Thomy's partnership to perform services in connection with Mr. Tuttle's estate. Mrs. Tuttle, the widow and life beneficiary, seeks the removal of Mr. Thomy as executor and trustee, and has filed objections to the account of the executors, and has petitioned for the removal of Mr. Thomy as executor and trustee. The basic question involved is whether Mr. Thomy, being an executor and trustee, was properly employed to act as accountant for the estate and if so whether his charge for services is fair and reasonable.

It is urged that the rule against self-dealing on the part of a fiduciary precludes an executor from recovery for services performed in addition to his ordinary official duties. Section 285 of the Surrogate's Court Act has relaxed the rule to the extent that if an executor be an attorney and renders legal services in connection with his official duties, he may be allowed compensation therefor. There is no such statutory relief so far as an accountant is concerned. Notwithstanding the general rule, courts of this State on occasion under varying circum-

stances where services have been rendered in good faith and for the benefit of the estate have approved the payment of reasonable compensation for such services in addition to the executor's commissions (see *Matter of Berri,* 130 Misc. 527; *Matter of Wexler,* N. Y. L. J., Jan. 16, 1951, p. 190, col. 7; *Matter of Block,* 186 Misc. 945; *Matter of Gerbereaux,* 148 Misc. 461; *Lent* v. *Howard,* 89 N. Y. 169; *Matter of McCord,* 2 App. Div. 324; *Matter of Froelich,* 122 App. Div. 440, affd. 192 N. Y. 566; *Matter of Smythe,* 6 Misc 2d 130; *Matter of Gould,* 6 Misc 2d 26; see, also, 3 Scott on Trusts [2d ed.], § 242.2, p. 1935; 1 Perry on Trusts & Trustees [7th ed.], § 432, p. 720; 4 Bogert on Trusts & Trustees [part 2], § 976; 4 Bradford Butler on New York Surrogate Law & Practice, § 2949).

It should be pointed out in this case that from about 1949 the decedent was in serious income tax difficulties and had employed Mr. Thomy who at the time of decedent's death in 1953 was in active negotiations endeavoring to extricate the decedent from his tax difficulties. It is significant that when decedent made his will on November 21, 1952, he was in the midst of his tax difficulties and he named Mr. Thomy, his accountant, and Mr. Shearer, his lawyer, as two of the executors and trustees under his will.

Mr. Thomy's bill for services was presented on an hourly basis. The uncontradicted testimony establishes the number of hours employed; the testimony also sustains the finding of the Surrogate that the charge per hour was fair and reasonable.

We conclude that under the circumstances the employment of Mr. Thomy was not improper; that his services were performed in good faith; that the estate benefited substantially therefrom and that the balance remaining unpaid on his bills rendered upon an hourly basis should be paid in addition to his commissions as executor. However, we conclude that he will be adequately compensated for his services by payment of the bills rendered upon an hourly basis and that the additional bill for over-all charge in the amount of $10,000 is not justified. We find in the testimony no agreement on the part of his coexecutors for the payment of such bill and the objection as to that bill should be sustained.

Appeal is also taken from that part of the decree which makes an allowance of $2,500 to Mr. Thomy's attorneys for their services to him individually and as executor in these proceedings. We are unable to determine from this record whether the allowance was solely for such legal services as were rendered to Mr. Thomy in his capacity as executor or

whether it includes also the services which were rendered to him in his individual capacity. We think under the circumstances that part of the decree which makes the allowance of $2,500 to Mr. Thomy's attorneys should be vacated and that their compensation as attorneys for the executor and for such services as they have rendered the estate should be fixed pursuant to section 231-a of the Surrogate's Court Act.

The decree of April 11, 1957 dismissing the petition of Mildred K. Tuttle to remove Carl D. Thomy as executor and trustee should be affirmed, without costs.

The decree of intermediate judicial settlement dated April 10, 1957 should be modified by striking from the second ordering paragraph thereof the direction to pay Carl D. Thomy & Company the sum of $15,635 and by substituting therefor a direction to pay to Carl D. Thomy & Company the sum of $5,635. The said decree should be further modified by striking therefrom the ordering paragraph directing the payment of $2,500 to the attorneys for Carl D. Thomy, without prejudice however to the right of said attorneys to present to the Surrogate's Court an application for compensation pursuant to section 231-a of the Surrogate's Court Act. The decree as so modified should be affirmed, with costs to all parties filing briefs payable out of the estate.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Decree (in the first above-entitled proceeding) affirmed, without costs of these appeals to any party.

Decree (in the second above-entitled proceeding), insofar as appealed from, modified on the law and facts in accordance with the opinion and as modified affirmed, with costs to all parties filing briefs payable out of the estate.