▆ In the Matter of the Accounting of Lois I. SITOMER, as Administratrix of the Estate of IRVING SITOMER, Deceased, Respondent. HENRIETTE SITOMER, as Substituted Administratrix of the Estate of IRVING SITOMER, Deceased, Appellant.— On January 24, 1955 Lois I. Sitomer opened a special checking account in the name of Lois Sitomer for $200. On March 18, 1955, when the balance in the account was $615.27, the account was changed to a joint one in the names of Lois or Irving Sitomer, but without a survivorship clause. Irving Sitomer died intestate on September 27, 1955, at which time the balance in the account was $2,416.83. Thereafter Lois I. Sitomer withdrew the money. She was appointed administratrix, and letters of administration were issued to her on November 18, 1955, but these letters were thereafter revoked. In a proceeding to settle her account as administratrix, the substituted administratrix filed an objection that Lois I. Sitomer had failed to include in her inventory as an asset the $2,416.83 on deposit in the joint account at the time of the intestate's death. The objection was overruled by the Surrogate. The substituted administratrix appeals from so much of the decree entered thereon as overruled this objection. Decree insofar as appealed from affirmed, without costs. The estate had the burden of showing that the intestate had an interest in the bank account. In the absence of proof that he had contributed any part of the money in the account, his estate is not entitled to any presumption that half of the account was his. Nolan, P. J., Beldock, Murphy and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the decree insofar as appealed from and to sustain the objection, with the following memorandum: Generally, an accountant has the burden of showing that he has fully accounted for all estate assets. Ordinarily, this burden is initially sus-

tained by means of a presumption that the inventory is accurate with respect to the extent and value of the decedent's property. Hence, where an objectant claims that the accountant has omitted estate assets from his inventory, the objectant must overcome the presumption that the inventory contains all assets of the estate. Here the source and ownership of all the money that came into the joint bank account, and the respective interests therein, are unknown. That being so, we must presume that respondent (the accountant) and the intestate were tenants in common with respect to this account (*Belfane* v. *Belfane*, 252 App. Div. 453, affd. 278 N. Y. 563; *Matter of Zuckerman*, 8 Misc 2d 57; *Matter of Gould*, 6 Misc 2d 26; Real Property Law, § 66). We must further presume that each owned one half of the account (*Secrist* v. *Secrist*, 284 App. Div. 331, affd. 308 N. Y. 750; *Jackson* v. *Moore*, 94 App. Div. 504; *Matter of Gould, supra*; *Matter of Zuckerman, supra*). By means of these presumptions (i.e., that respondent and the intestate were tenants in common of the bank account, with each owning one half), appellant has sustained her burden of overcoming the presumption that all estate assets were included in the inventory, and thus has established that the respondent should have included therein one half of the balance in said bank account. *Matter of Bolin* (136 N. Y. 177), relied on by the learned Surrogate, does not apply since it was there clear and undisputed that the money in the bank account belonged to the one in whose individual name the account had first been opened, and the one whose name was subsequently added contended only that her name was added with the intention of making a gift to her.