In the Matter of the Judicial Settlement of the Final Account of DANIEL L. MICHEL, Respondent, as Administrator of the Estate of WILLIAM T. GRYGIEL, JR., Deceased. WILLIAM T. GRYGIEL, III, et al., Appellants. (Appeal No. 1.) [786 NYS2d 867]—

Appeal from an order of the Surrogate's Court, Onondaga County (Peter N. Wells, S.), entered February 26, 2003. The order, insofar as appealed from, denied in part the objections to petitioner's final account and directed petitioner to file an amended final account.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: In appeal No. 1, objectants appeal from an order wherein Surrogate's Court, inter alia, directed the administrator of decedent's estate to file an amended final account that would fully disclose all sources of income of the estate and would include separate accounts of the two closely held corporations managed by the administrator on behalf of the estate. Object-

ants contend that the court erred in failing to determine that the administrator is not entitled to commissions. The court neither granted nor denied commissions at this intermediate stage of the proceedings, however, and thus "the order appealed from does not affect a substantial right" of objectants in that respect, and they are not entitled to appeal therefrom (*Matter of Sayers*, 273 App Div 1051, 1051 [1948]; *see Matter of Neumayer*, 256 App Div 1039 [1939]; *see also* SCPA 2701; CPLR 5701 [a] [2] [v]). In the event that the court awards commissions in the decree of judicial settlement, objectants' contention may be reviewed on an appeal from that decree.

In addition, objectants contend that the court erred in denying their motion to conform their objections to the proof presented at the hearing held on the petition to approve the final account. By the order in appeal No. 1, the court directed the administrator to amend the final account, and objectants may submit amended objections to the amended final account once it has been submitted and the court shall thereafter proceed on those amended pleadings. Objectants therefore also are not aggrieved by the court's denial of their motion (*see* CPLR 5511). Thus, we dismiss the appeal from the order in appeal No. 1.

In appeal No. 2, objectants appeal from an order denying the petition of objectant David Grygiel (petitioner) seeking limited letters of administration in order to file a claim for arbitration with the National Association of Securities Dealers (NASD) "to address the conduct of [the administrator of decedent's estate], in his capacity as an NASD registered representative, pertaining to his management of the Estate's Investment portfolio." We conclude that the court erred in denying the petition on the ground that petitioner is barred from seeking arbitration because objectants had the opportunity to litigate all issues in the accounting proceeding. Although a party who elects to litigate an issue waives the right to seek arbitration with respect to that issue, "[n]ot every foray into the courthouse effects a waiver of the right to arbitrate" (*Sherrill v Grayco Bldrs.*, 64 NY2d 261, 273 [1985]). Here, the administrator also acted in a fiduciary capacity as a broker and thus was subject to arbitration with respect to his actions in that fiduciary capacity. We note that the jurisdiction of Surrogate's Court is limited to those powers conferred upon it by statute (*see Matter of Stortecky v Mazzone*, 85 NY2d 518, 524 [1995]), and remedies available to NASD with respect to the role of the administrator as a broker are not available to the court. We therefore reverse the order in appeal No. 2, grant the petition and remit the matter to Surrogate's Court to issue the limited letters of administration sought in the petition.

Finally, we reject the contention of objectants in appeal No. 2 that the matter should be remitted to a different judge. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Lawton, JJ.