# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

308

CA 16-00940

PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE ESTATE OF ANTHONY J. THOMAS, DECEASED.

------------------------------------------------

IN THE MATTER OF THE ESTATE OF DOROTHY THOMAS, DECEASED.

------------------------------------------------

JOSEPH M. THOMAS AND GLORIA M. BORELLI, PETITIONERS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

TOM J. THOMAS, RESPONDENT-RESPONDENT.
(APPEAL NO. 2.)

---

BOND, SCHOENECK & KING, PLLC, ROCHESTER (JONATHAN B. FELLOWS OF COUNSEL), FOR PETITIONERS-APPELLANTS.

ADAMS BELL ADAMS, P.C., ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL), AND LACY KATZEN (RACHELLE H. NUHFER OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a decree of the Surrogate's Court, Monroe County (John M. Owens, S.), entered March 25, 2016. The decree, among other things, denied and dismissed the petition and the supplemental petition.

It is hereby ORDERED that said appeal from the decree insofar as it reserved decision is unanimously dismissed, and the decree is otherwise reversed on the law without costs, the motion for a directed verdict is denied, the petition and supplemental petition are reinstated, and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following memorandum: As we explained in a prior appeal, petitioners, respondent, and a nonparty are the four children of Anthony J. Thomas and Dorothy Thomas (collectively, decedents), who died in April 2012 and August 2012, respectively (*Matter of Thomas*, 124 AD3d 1235, 1235-1236). Respondent was the named executor under decedents' respective wills, and was appointed trustee to numerous trusts created by the wills (*id.* at 1236). In the prior appeal, petitioners "challenged respondent's failure to identify any shares of New York State Fence Company (NYSFC) as being included within the assets of decedents' estates. According to respondent, he was the sole shareholder of NYSFC, a company founded by Anthony J. Thomas in 1958 and incorporated in 1977" (*id.*). We concluded that Surrogate's Court erred in granting

that part of respondent's motion seeking to dismiss the claim for the imposition of a constructive trust with respect to the NYSFC stock, and we reinstated that claim.

Upon remittal, the Surrogate determined that he was "basically . . . dealing with a miscellaneous proceeding to determine the ownership of" the NYSFC stock.  We agree with petitioners that the Surrogate erred in denying that part of petitioners' cross motion in limine seeking a determination that respondent had the burden of proof at the hearing to establish his ownership of the NYSFC stock, and in determining that petitioners had the burden of proof to establish that the stock had not been transferred to respondent by decedents.  Where, as here, an asset is not included in the inventory of the estate based upon respondent fiduciary's assertion that he is the owner of the asset, it is respondent's burden to "show a legal and sufficient reason for withholding" the asset from the estate (*Matter of Taber*, 30 Misc 172, 181, *affd* 54 App Div 629).  Such an assertion is "in essence, the assertion of a personal claim by the fiduciary . . . , the burden of demonstration of which is upon the fiduciary who claims adversely to the estate.  Such fiduciary will not be permitted to jeopardize the interests of [the beneficiaries] by . . . forc[ing] them to demonstrate the substantially impossible," i.e., that the stock was not transferred to the fiduciary by decedents (*Matter of Greenberg*, 158 Misc 446, 448; *see Matter of Zuckerman*, 8 Misc 2d 57, 59; *see generally Matter of Camarda*, 63 AD2d 837, 839).  We therefore further conclude that the Surrogate erred in directing a verdict in favor of respondent at the close of petitioners' proof, and we remit the matter to Surrogate's Court for further proceedings on the issue of ownership of the NYSFC stock.

We agree with respondent, however, that petitioners' contention that the Surrogate erred in dismissing their petition seeking an order that attorneys' fees related to litigation over the ownership of the NYSFC stock should not be paid from the estate is not properly before us, inasmuch as the Surrogate specifically reserved decision on that issue until the estate is settled.  We therefore dismiss the appeal from the decree insofar as it reserved decision (*see Kuhlman v Westfield Mem. Hosp.* [appeal No. 2], 204 AD2d 1065, 1065).

Finally, we reject petitioners' contention that the matter should to be heard on remittal by a different surrogate (*see Matter of Michel*, 12 AD3d 1189, 1191).

Entered:  March 31, 2017                          Frances E. Cafarell
                                                  Clerk of the Court