In the Matter of the Application of GEORGE GARDNER, as Sole Surviving Administrator, etc., of ELIZABETH M. GARDNER, Deceased, for a Judicial Construction of the Last Will and Testament of BLANCHE A. THOMPSON, Deceased.

GEORGE GARDNER and Others, Appellants; THE FARMERS' LOAN AND TRUST COMPANY, as Executor, etc., of BLANCHE A. THOMPSON, Deceased, Respondent.

First Department, November 5, 1926.

Wills — construction — will bequeathed in separate items separate pieces of jewelry to named legatee — last item bequeathed " All my toilet articles * * * and the clock that generally stands at my bedside, and also all my furs and dresses and other purely personal effects (other than cash or securities) not herein specifically given or bequeathed to any one "— will contained residuary clause — large amount of jewelry was unbequeathed — said quoted clause did not bequeath all jewelry to legatee named — said clause limited to personal effects of class of furs and dresses.

The testatrix by her will bequeathed in several separate items specified pieces of jewelry and distinct articles of clothing, and in the final item of the same clause bequeathed to the same person " All my toilet articles of every description, and the clock that generally stands at my bedside, and also all my furs and dresses and other purely personal effects (other than cash or securities) not herein specifically given or bequeathed to any one." The will contained a residuary clause. The contention of the legatee under the clause mentioned that she is entitled to a large quantity of jewelry which was not bequeathed, by virtue of the last item quoted, cannot be sustained and that clause is construed to mean that the testatrix intended to bequeath to the legatee, by using the words " and other purely personal effects," only such personal property as came in the same class as furs and dresses and did not intend to include

jewelry and other personal effects. The words in the exception clause, " other than cash or securities," refer to such cash and securities as might have been found in or with the clothing of the testatrix.

APPEAL by George Gardner and others from certain portions of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 11th day of December,. 1925.

*Frederick Geller* of counsel [*Richard J. Turk, Jr.,* with him on the brief; *Geller, Rolston & Blanc,* attorneys], for the appellant Friendship Hall Vacation Home, Inc.

*J. Ard Haughwout* of counsel [*Arthur G. H. Power, Jr.,* with him on the brief; *Esselstyn & Haughwout,* attorneys], for the appellant George Gardner.

*Daniel J. Mooney* of counsel, for the appellant Mary Frances Garrett.

*Reuben Leslie Maynard* of counsel, for the appellants Helen Grace Durfee and others.

*George N. Whittlesey* of counsel [*Matthew C. Fleming* with him on the brief; *Osborn, Fleming & Whittlesey,* attorneys], for the respondent The Farmers' Loan and Trust Company, as executor, etc., of Blanche A. Thompson, deceased.

*Paul T. Kammerer, Jr.,* special guardian for the respondents Jean Gardner and others.

FINCH, J. This is an appeal from a decree of the surrogate, in so far as it construes the will of a decedent in two particulars. One of the questions concerns the disposition of a trust fund, and the issue is whether there was a direct bequest of this fund to a residuary legatee, or whether such fund should be held to be a part of the residuary estate so as to be applicable to the payment of the general legacies in full and the residue go to the residuary legatee. The learned surrogate has held the latter, and we see no reason to differ with his conclusion or any necessity for restating the sufficient reasons which he has given therefor. (126 Misc. 99).

The remaining question arises in connection with the construction of item (1) of the 6th paragraph of the will. In this paragraph the testatrix gives to her friend and companion under item (a) the sum of $50,000 and under items (b) to (i), inclusive, eight pieces of jewelry, each of distinction and very valuable and each given in a separate item, the last item being item (i) and reading: " My string of pearls bought in Rome and consisting of sixty-five pearls." The testatrix then follows with item (j), " My sealskin coat," and item (k), " My sable boa with tails." Then follows the item in

First Department, November, 1926.          [Vol. 218

question, being item (1), and reading as follows: "All my toilet articles of every description, and the clock that generally stands at my bedside, and also all my furs and dresses and other purely personal effects (other than cash or securities) not herein specifically given or bequeathed to any one."

The friend and companion claims that under the language of item (1) she is entitled to all the other pieces of jewelry not specifically bequeathed (of which there are many and the value of which is many thousands of dollars), and, in addition, all other personal property not specifically bequeathed, consisting of household furniture, paintings, bric-a-brac, automobiles, etc. The administrator, on the other hand, claims that the language of item (1) would confine the bequests to personal property of the same class as furs and dresses, and would exclude this large amount of jewelry not specifically bequeathed and the other personal property, such as the household furniture, the paintings, the bric-a-brac and the automobiles. The surrogate, while holding with the administrator as to the household furniture, paintings, bric-a-brac and automobiles, has included in the bequest all the jewelry other than that specifically bequeathed, with the result that this legatee has received not only the jewelry specifically bequeathed but also, under this clause, many times that specifically bequeathed, both in number and in value. The learned surrogate has correctly held that the general words employed in this paragraph (1), being the words " purely personal effects," must have applied to them the rule *ejusdem generis*, which is but the application of a common sense principle which, if not already embodied in a rule, would have to be evoked afresh, namely, that where the testatrix uses words to enumerate a certain definite class of things and then follows with general words, the enumerated things show the kind of things that she had in mind when she employed the catch-all general phrase. As was said by CHASE, J., in *Matter of Robinson* (203 N. Y. 380): " The rule which we are applying is that where certain things are enumerated, and such enumeration is followed or coupled with a more general description, such general description is commonly understood to cover only things *ejusdem generis* with the particular things mentioned. In such case it is presumed that the testator had only things of that class in mind." The application of this principle to said paragraph (1) would confine the bequests to articles of the same class as furs and dresses, and would exclude jewelry. The learned surrogate reached the same conclusion, but further held that the addition of the words " other than cash or securities " enlarged the phrase " also all my furs and dresses " so as to include jewelry; but that because of the additional word " purely " pre-

ceding the words " personal effects," household furniture, paintings, bric-a-brac and automobiles were excluded from the enlargement caused by the words " other than cash or securities."

It seems to us, on the other hand, that the words " cash or securities " might well have reference only to such cash and securities as might be found in or with the clothing, and that to give said words more emphasis would be making too far a cry from " the clock that generally stands at my bedside " and " my furs and dresses," to many pieces of jewelry of very great value. Particularly is this so when it is considered that preceding the clause (1), by which this gift was made, the testatrix had carefully indicated by separate items the specific pieces of jewelry which she wanted this legatee to have. When item (1) follows these specific bequests of valuable jewelry, and starts off with "All my *toilet articles* of every description, and the clock that generally stands at my bedside, and also all my furs and dresses," it obviously relates to purely personal things of this class. Furthermore, if the words " other than cash or securities " are to do away with the application of the *ejusdem generis* rule, it would then seem an arbitrary distinction to include jewelry and exclude the other personal property. This is the very claim made by the legatee in question, who claims that if jewelry should be included, then there is no limit, save an arbitrary one, which would include jewelry and omit the rest of the personal property. To employ the word " purely " for the purpose of making such an arbitrary distinction, would seem to give to that word a meaning quite as arbitrary as the distinction sought to be made. Also where, as in the case at bar, there is a residuary clause, the whole will must be read as one instrument and such a construction is not to be given to a preceding clause as to cause it to frustrate the intention of the testator to give the residue to a different beneficiary. (*Matter of Reynolds*, 124 N. Y. 388.)

It follows that the decree should be modified in so far as it allows the appellant legatee to have the jewelry other than that specifically bequeathed by striking out such provision, and, as so modified, the decree should be affirmed, with costs of this appeal to all parties appearing by separate attorneys and filing separate briefs, payable out of the estate.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Decree modified in so far as it allows appellant legatee to have the jewelry other than that specifically bequeathed by striking out such provision, and as so modified affirmed, with costs of this appeal to all parties appearing by separate attorneys and filing separate briefs, payable out of the estate. Settle order on notice.