DECLAN W. CORCORAN & another, administrators *de bonis.* *non* with the will annexed, *vs.* JANETTE W. GAGE & others.

Middlesex.    December 6, 1934. — January 4, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy,* "Personal effects." *Words,* "Personal effects," "Or."

The will of one, who owned, among other property, clothing of no value, jewelry worth a substantial sum and an undivided interest in valuable household furnishings located in his house, contained in the first article a gift of the right to select articles up to a certain substantial value "from my personal effects such as household linens, furniture, books, pictures, rugs, ornaments or silver"; gifts of jewelry in various articles; and in the fortieth article a gift of "other jewelry not specified, clothing or personal effects." The testator owned no other household furnishings of value. *Held,* that

(1) The "personal effects" referred to by the testator in the first article must have been meant to include the household furnishings located in his house even though he did not own the entire interest therein;

(2) The inference was proper that the testator used the expression "personal effects" in the fortieth article in the same sense as that in which he had used it in the first article;

(3) The legatee named in the fortieth article was entitled to the testator's interest in the household furnishings after satisfaction of the gift made in the first article.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on May 1, 1933, by the administrators *de bonis non* with the will annexed of the estate of Amy E. Taylor, late of Lexington.

The petition was heard by *Monahan, J.,* by whose order the decree described in the opinion was entered. Certain respondents appealed. The evidence was reported.

*P. A. Northrup,* for the respondents Edward W. Taylor, guardian, and another.

*J. M. Morrison,* (*J. J. Heffernan* with him,) for the respondents Harrington and another.

·*D. W. Corcoran,* for the trustees under the will of Amy E. Taylor, submitted a brief.

Lummus, J.  Amy E. Taylor died unmarried in 1931, leaving tangible personal property consisting of clothing of such little value that it was not included in the inventory, an automobile, jewelry valued at $9,387, and a seven-tenths undivided interest in the furniture and furnishings in her house, including linens, books, pictures, rugs, ornaments and silver, which interest was appraised at $4,583.88 and realized $3,651.28 when such property was sold by consent of all parties interested.  The furniture and furnishings had come almost entirely from the estate of her father, who died in 1926, and a three-tenths undivided interest therein remained vested in trustees for her nephew, who lived elsewhere.  Besides the foregoing, Amy E. Taylor left a considerable amount of real estate, stocks, bonds and mortgages.

By the first article of her will, Amy E. Taylor left to Janette W. Gage "the right to choose from my personal effects such as household linens, furniture, books, pictures, rugs, ornaments or silver, anything she wishes not to exceed a total appraisal value of One Thousand Dollars," and also certain specified pieces of jewelry.  In other articles she bequeathed many pieces of jewelry to various persons.  By the fortieth article of her will she gave certain jewelry, "together with any other jewelry not specified, clothing or personal effects" to Janette W. Gage and Mary S. Harrington.  The residue of the estate is given in trust for the nephew, with a conditional limitation in favor of charities.

The provision quoted from the first article of the will has been satisfied.  Under the fortieth article, Janette W. Gage and Mary S. Harrington claim the fund of $3,651.28 which is the product of the seven-tenths undivided interest in the furniture and furnishings belonging to the testatrix. They contend that that interest passed to them as "personal effects" under the fortieth article.  The trustees under the residuary bequest contend that that interest fell into the residue.  The administrators *de bonis non* with the will annexed asked the instructions of the Probate Court as to the disposition of the fund.  That court ordered it paid to

Janette W. Gage and Mary S. Harrington. The trustees, and also the *cestui que trust,* appealed.

When in the first article the testatrix used the words "personal effects" as including household furniture and furnishings, it is argued that she did not mean to include the goods in question, for she gave a right to "choose from my personal effects . . . anything she [the legatee] wishes," and could not have meant to include goods in which she had only an undivided share. Apart from the definition in that article, it is argued that the words "personal effects" do not include household furniture or furnishings, and that no such property passed under the fortieth article.

But the considerations to the contrary seem to us stronger. Unless the testatrix intended in the first article the words "personal effects," which admittedly included furniture and furnishings by express definition, to apply to the furniture and furnishings in question, there was no property worth $1,000 or any other substantial sum to which they could apply, for it is conceded in argument that the testatrix had no furniture or furnishings of substantial value except such as came from her father. A reasonable explanation of her giving the right to "choose . . . anything she [the legatee] wishes," is that the testatrix failed to keep in mind the fact that she did not own completely the furniture and furnishings which had always been in her house. But it seems clear that she referred to the furniture and furnishings in question, for there was little else. When in the fortieth article she used the same expression, "personal effects," the natural inference is that she used it in the same sense in which she had used it earlier in the will. *Ames* v. *Ames,* 238 Mass. 270, 275, 276. The use of the disjunctive "or" in the fortieth article has little significance. What the testatrix meant to give was any jewelry, clothing and personal effects not otherwise specified in the will. The order of the words is awkward, but the meaning is clear.

*Decree affirmed.*