In the Matter of the Will of GEORGIA A. BURNSIDE,. Deceased.

Surrogate's Court, Delaware County, August 28, 1945.

*Jerome S. Seacord* for Leon J. Van Cott, executor, petitioner.

*Wayne Tyson* for Camelia Butts, legatee, respondent.

*Hamilton J. Hewitt* for John W. Dennis, respondent.

*Nora Gardinier,* legatee, respondent in person.

*D. W. Finch,* legatee, respondent in person.

*Marguerite Sickler,* legatee, respondent in person.

CURTIS, S. By the residuary clause in the decedent's will, the residue of the estate, after numerous specific legacies were given to her relatives and friends, was divided into thirteen shares, these shares to be distributed among various persons, some to have one-half share, others to have one share, and still others to have two shares. One share was given to Eva Teed Sherwood who died August 24, 1943, prior to the death of the decedent. This legatee was a cousin of the decedent, and hence her legacy is not saved from lapsing by virtue of section 29 of the Decedent Estate Law. The question presented is whether this one thirteenth of the residuary passes to the estate of the deceased legatee or to the other legatees, or whether the decedent died intestate as to this share.

This question does not present a serious problem. It has been consistently held from the earliest reported cases that when a portion of a residuary legacy lapses through death of the legatee, or otherwise, that portion goes to the next of kin of the decedent. (See *Wright* v. *Wright,* 225 N. Y. 329; *Matter of Cokefair,* 173 Misc. 196; *Matter of Tamargo,* 220 N. Y. 225; *Matter of Hoffman,* 201 N. Y. 247; *Matter of Hartfield,* 139 Misc. 214.)

No injustice is thereby done to the other residuary legatees. They receive the gifts which the decedent intended them to have. The codicil which was also made prior to the death of Eva Sherwood does not affect the provisions of the residuary clause.

It is suggested that this lapsed legacy must be applied to the payment of debts and administration expenses before applying other property specifically devised or bequeathed to the payment of such charges. (See *Matter of Campbell,* 171 Misc. 750, affd. 261 App. Div. 899; *Matter of Sloat,* 143 Misc. 170.) This question, however, is not presented by the petition in this case and must await the judicial settlement or further construction proceedings.

The other question arises as to whether the decedent's automobile is bequeathed under the thirty-fourth clause of her will giving to seven named persons "the residue of my household goods and personal effects."

The testatrix resided in the village of Walton, New York, in a house situated upon a small plot of ground with a detached garage in which was housed the automobile in question. It was used for pleasure purposes and occasionally for business purposes. Although during most of her lifetime, the testatrix had no established business, she nevertheless made some use of the car in protecting her investments and property interests.

The word "effects" is a very general term. It denotes property in a more extensive sense than "goods". It may include every kind of personal property including choses in action, and in a particular case may include real estate.

In this will, the word "effects" is qualified by the word "personal", as well as being limited by the other provisions in the will. The meaning of the expression "personal effects" has occasioned considerable difficulty. It has been construed as meaning only those articles which have an intimate relation to the person, such as clothing, jewelry, toilet articles (see *Welman* vs. *Neufville, executor, et al.*, 75 Ga. 124; *Lippincott's Estate, Reakert's Appeal*, 173 Pa. 368; *Child* v. *Orton*, 119 N. J. Eq. 438). On the other hand, "personal effects" has received a broader interpretation so as to include furniture, pictures, and works of art (*Matter of Loeb*, 155 Misc. 863), but would not cover such personal property as money and securities (*Barney* v. *May*, 135 Minn. 299) or a real estate mortgage (*Matter of Campbell*, 171 Misc. 750, *supra*).

When disassociated from other provisions in the will, the expression "personal effects" clearly includes an automobile owned and used by a testator at the time of his death (see *Matter of Jones*, 128 Misc. 244; *Matter of Winburn*, 139 Misc. 5; *Matter of Thompson*, 216 App. Div. 130, affd. on other grounds, 245 N. Y. 565). Similarly, the expression "household effects" has been construed as including an automobile (*Hillhouse* v. *United States*, 152 F. 163) or a carriage (*Arthur* v. *Morgan*, 112 U. S. 495).

The expression "household goods" may narrowly be construed as applying only to articles in the house as distinguished from those in a garage or other outbuilding, but this narrow interpretation has not always prevailed, and an automobile kept in a detached garage has been held to be "household goods" (*In Re Mitchell's Will*, 38 N. Y. S. 2d 673). Similarly, a will giving "my house [homestead] * * * and contents of all kinds", has been interpreted as including an automobile and tools which were kept in a stable which was situated on the testator's homestead premises (*Cowan* v. *Cowan*, 90 N. H. 198).

Also a will bequeathing "articles of personal, domestic, or household use" has been thought to include an automobile.

In all of the above cases, the clause in question did not bring into application the rule of *ejusdem generis.* In those cases, the other provisions of the will were not such as to bring in operation this doctrine, whereby an expression of general application is limited by other language tending to give a narrower meaning.

In the will now under consideration, there are thirty-three preceding clauses which may not be ignored in the interpretation of the thirty-fourth clause. In clause fourth, a brooch is given; in the fifth a ring, wearing apparel and a rug; in the sixth a wrist watch and purse; in the seventh diamond rings; in the eighth a cedar chest; in the ninth a necklace, a stick pin, a shawl, a clock and a rug; in the tenth a bracelet; in the eleventh a bureau, a mirror, a book and a picture; in the twelfth a brooch and a rug; in the thirteenth silver teaspoons and a rug; in the fourteenth four chairs; in the fifteenth a brooch, a living-room suite and a picture; in the sixteenth beads, earrings, teaspoons and a rug; in the seventeenth teaspoons; in the eighteenth a ring and a rug, a chair and teaspoons; in the nineteenth a watch with chain and stick pins; in the twentieth books, bookcase and radio; in the twenty-first a table and rug; in the twenty-second a brass elephant, base and stand; in the twenty-third a rug; in the twenty-fourth a rug; in the twenty-fifth a glass basket and cash; in the twenty-sixth a ring; in the twenty-seventh a rug and cash; in the twenty-eighth a rug, a painting and cash; in the twenty-ninth a picture and cash; in the thirtieth a rug; in the thirty-first three rugs and cash; in the thirty-second a rug, a vase and a cameo brooch; in the thirty-third, to five persons, the remainder of the rugs with rug pads.

After having laboriously distributed among many persons carefully selected items of household goods and personal effects, the testatrix reached the thirty-fourth clause, and to several different persons gave "the residue of my household goods and personal effects."

The court is irresistibly drawn to the conclusion that the household goods and personal effects which the testatrix had in mind when she reached the thirty-fourth clause were in the same class as those particularly itemized in the preceding clauses. We conclude that she did not intend to include the automobile in the thirty-fourth clause. In numerous decisions, expressions such as "personal effects" and "household goods" have received a wider or narrower interpretation. by

reason of other provisions in the will, the doctrine of *ejusdem generis* being applied (see *Lippincott's Estate, Reakert's Appeal*, 173 Pa. 368; *Matter of Steimes*, 150 Misc. 279; *Child* v. *Orton*, 119 N. J. Eq. 438, *supra*).

It appears from the records of this court that many of the personal effects specifically itemized are of comparatively slight value, while the automobile in question has been sold for $1,600. The testatrix could not expect seven persons widely separated to enjoy jointly one automobile. One machine cannot be divided among seven persons, and the residue of household goods and personal effects is not sufficiently valuable so that the automobile might be allotted to one person and still make a proportionate distribution to the other six.

The proceedings are adjourned to September 10, 1945, at which time a decree may be settled in accordance with this opinion.