In the Matter of the Construction of the Will of RUTH D. MAURER, Deceased.

Surrogate's Court, New York County, July 22, 1948.

*Philip Leavitt* for Sidney M. Wittner and another, administrators c. t. a., petitioners.

*Clark, Higson & Litsch* for Claude N. Maurer and others, respondents.

DELEHANTY, S. In the second paragraph of her will deceased made specific bequests to forty-four persons. The third paragraph makes general pecuniary gifts and the fourth paragraph disposes of the residue. The subject of each specific legacy is carefully described. In general the specific legacies consist of jewelry, lamps, ornaments, statuary and household effects. A gift of necklaces and chains includes " other personal ornaments." The second paragraph of the will concludes with the following text: " My clothing and all other personal effects not hereinbefore disposed of, I give and bequeath to my friends, Ellen Bell, Julia E. Kahn and Hattie M. Chamberlain   *   *   *." The fiduciaries ask whether this bequest encompasses certain property set forth in the petition which may be characterized in general terms as tableware, household ornaments and other household articles of trifling value.

The term " personal effects " has no settled technical meaning. Its interpretation varies with the setting in which it appears. It is sometimes construed as embracing only tangible property having an intimate relation to the person (32 Words and Phrases [West Pub. Co., Perm. ed.], p. 277 *et seq.; Matter of Burnside,* 185 Misc. 808, 810) and is sometimes given a broader meaning (*Matter of Ginnever,* 69 N. Y. S. 2d 452, 460; *Matter of Jones,* 128 Misc. 244, 246; *Matter of Gault,* 48 N. Y. S. 2d 928, 929). The application of the rule *ejusdem generis* may restrict the term to particular types of property which are specifically mentioned in the text where the words " personal effects " are used as a general catchall term (*Matter of Thompson,* 218 App. Div. 130, affd. 245 N. Y. 565; *Matter of Steimes,* 150 Misc. 279).

Here deceased bequeathed her " clothing and all *other* personal effects not *hereinbefore disposed of* ". (Italics supplied.) The text reveals her thought that among the articles already bequeathed were items comprehended within the term " personal effects " and that the property she was then dealing with was in general similar to property theretofore given. She had already disposed of all her jewelry and " other personal ornaments " and so had given all property intimately related to her person. The property not specifically bequeathed was of the same type as other property which was the subject of the legacies. No clothing or wearing apparel had been specifically bequeathed and the

term " clothing " patently was not intended to restrict the meaning of the terms " all other personal effects not hereinbefore disposed of ".

The court accordingly holds that the concluding text of the second paragraph passes to the legatees therein named the property specified in the petition which was not bequeathed to others.

One of the three named legatees has died. The pleadings do not formulate any question in respect of the disposition of her share and the court does not now pass upon that question.

Submit, on notice, decree construing the will accordingly.