In the Matter of the Construction of the Will of SARAH MICHAELSON, Deceased.

Surrogate's Court, New York County, March 4, 1949.

*Archie F. Karman* for Sophie D. Karman and another, as executors of Sarah Michaelson, deceased, petitioners.

*Bernard A. Green* for Beatrice E. Reichner, respondent.

*Leonard Frackman,* special guardian for Lenore Israel, an infant, respondent.

COLLINS, S. The executors request a construction of subdivision (c) of the fifth paragraph of the will which reads: " I give and bequeath to my sister, * * * my diamond and sapphire bracelet, and all of my personal effects, including all of my wearing apparel, fur coats, fur jackets, fur pieces, fur scarves * * *."

It is conceded that the testatrix disposed of all articles of jewelry owned by her at the time of the execution of the will. The question now in issue is whether two pieces of jewelry acquired by the testatrix subsequent to the execution of her will will pass under the gift of " all of my personal effects," or whether they pass under subdivision (f) which disposes of " the rest, residue and remainder " of the estate.

The words " personal effects " are not words of art and have no fixed or settled meaning. (*Matter of Maurer,* 192 Misc. 627;

*Matter of Kordes,* 192 Misc. 626.) Surrogate DELEHANTY pointed out in *Matter of Maurer (supra),* that it is a term, the interpretation of which " varies with the setting in which it appears. It is sometimes construed as embracing only tangible property having an intimate relation to the person (32 Words and Phrases [West Pub. Co., Perm. ed.], p. 277 *et seq.; Matter of Burnside,* 185 Misc. 808, 810) and is sometimes given a broader meaning (*Matter of Ginnever,* 69 N. Y. S. 2d 452, 460; *Matter of Jones,* 128 Misc. 244, 246; *Matter of Gault,* 48 N. Y. S. 2d 928, 929). The application of the rule *ejusdem generis* may restrict the term to particular types of property which are specifically mentioned in the text where the words ' personal effects ' are used as a general catchall term (*Matter of Thompson,* 218 App. Div. 130, affd. 245 N. Y. 565; *Matter of Steimes,* 150 Misc. 279).''

The problem in this case is to find the meaning which the words " personal effects " had in the vocabulary of the testatrix. It is to be noted that in subdivision (c) the first article bequeathed to the sister is a specific article of jewelry. The gift that immediately follows is the gift of personal effects. It is significant that this gift is expressed not as a gift of the *other* personal effects of the testatrix, but as a gift of " *all* of my personal effects.'' (Italics supplied.) There was nothing excepted or excluded from the gift of personal effects. Everything which the testatrix comprehended within that term passed to her sister. Yet the testatrix explicitly gave only one item of jewelry to this legatee and in subdivision (f) she expressly bequeathed three described articles of jewelry to her husband. It is patent, therefore, that the testatrix used the words " personal effects " in a more restricted sense and that the gift of " *all* of [her] personal effects " (italics supplied) did not include any jewelry. It follows, therefore, that the jewelry not specifically bequeathed passes under the residuary clause.

Submit decree on notice accordingly.