## In the Matter of the Construction of the Will of FELIX WILDEN-STEIN, Deceased.

Surrogate's Court, New York County, May 1, 1953.

*Arthur Richenthal* and *Herbert L. Ortner* for Leonard H. Bernheim and another, as executors of Felix Wildenstein, deceased, petitioners.

*Matthew J. Shevlin* for Evelyn W. Bowen, respondent.

*Lawrence E. Brinn* for Andree K. Dormeuil, respondent.

*Emmet, Marvin & Martin* for Bank of New York, as general guardian of Martin R. Bowen and another, infants, respondents.

*John J. Fay,* special guardian of Michael C. Bowen, an infant, respondent.

FRANKENTHALER, S. In this proceeding the court is asked to determine the construction and effect of the following paragraph of the will: "Fourth: I give and bequeath all my wearing apparel, similar personal effects and any and all personal jewelry to my beloved daughters, Evelyn W. Bowen, if she shall survive me, and Andree K. Dormeuil, if she shall survive me, in equal shares, and any determination of the distribution to be made under this paragraph Fourth shall be made by my Executors and shall be binding and final upon my daughters."

The two daughters named in this paragraph of the will who are also the income beneficiaries of the residuary trust contend that they are entitled under paragraph fourth to any and all wearing apparel, similar personal effects and all ladies' jewelry inherited by the decedent from his wife. The property so inherited from the wife was of substantial value. A mere reading of the will indicates that the intention of the testator was to give by paragraph fourth nothing but his own personal wearing

apparel, similar personal effects and personal jewelry. The evidence received on the hearing in no way contradicts such interpretation of the will.

As to the jewelry the doctrine of *ejusdem generis* as enunciated in *Matter of Robinson* (203 N. Y. 380, 386) and *Matter of Minniss* (200 Misc. 353) is to be applied. The words '' any and all personal jewelry '' which even if standing alone might properly be construed to mean only that used on the person of the testator, must be held to be limited by the prior phrases, '' my wearing apparel '' and '' similar personal effects '', to such personal jewelry as the testator wore for his own use and which had an intimate relation to his person. The meaning to be attributed to the phrase '' wearing apparel '' is set out in *Matter of Steimes* (150 Misc. 279) where at page 283 the court stated: '' The words ' wearing apparel ' usually and ordinarily mean the garments testatrix wore for her own use, rather than the special, technical meaning suggested by the courts in construing statutes and contracts.'' The meaning attributed to '' similar personal effects '' is stated in *Matter of Michaelson* (194 Misc. 525) as tangible personal property having an intimate relation to the person. In *Matter of Steimes* (*supra*) it is held that where the word '' effects '' is preceded or followed by words of narrower import, it will be confined to the narrower sense if the legacy be not a residuary one. Thus the words '' similar personal effects '', as used by decedent, can only mean personal effects similar to '' my wearing apparel ''. The conclusion follows that testator limited the jewelry bequeathed by paragraph fourth to such personal jewelry as he wore for his own use and which had an intimate relation to his person, and that he limited the wearing apparel and similar personal property bequeathed to the same class of objects, thus excluding wearing apparel, similar personal effects or personal jewelry inherited by him from his wife. All of such inherited property passes by the residuary clause of the will to the trust therein created. The motions to strike out which were reserved at the conclusion of the hearing are denied.

Submit decree on notice construing the will accordingly.