In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under the Will of ISAAC B. HOSFORD, Deceased, Respondent. JAMES M. ENGLE et al., Appellants; PETER K. ENGLE et al., Respondents.

Argued April 26, 1955; decided June 10, 1955.

*Paul Bauman, Herman Goldman* and *Milton J. Levitt* for James M. Engle, appellant. James M. Engle, a grandson of testator, having survived Bonita Shainwald, is one of testator's " remaining grandchildren " to whom the principal of the trust created for her under subdivision (c) of paragraph Seventh of the will is distributable. (*Livingston* v. *Ward,* 247 N. Y. 97; *Salter* v. *Drowne,* 205 N. Y. 204; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Crane* [*Battelle*], 164 N. Y. 71; *Matter of Watson,* 262 N. Y. 284; *Brussel* v. *Deitsch,* 190 App. Div. 368; *Matter of Bierhoff,* 271 App. Div. 743, 297 N. Y. 694; *Matter of Hosford,* 26 N. J. Super. 412; *Matter of Rooker,* 248 N. Y. 361; *Teed* v. *Morton,* 60 N. Y. 502.)

*Ruth Lewinson,* special guardian, and *Louis C. Fieland* for Lani C. Engle, infant, appellant. I. James M. Engle, a grandchild born after testator's death, is included in the class described by the testator as his " remaining grandchildren " in subdivision (c) of article Seventh of his will. (*Seitz* v. *Faversham,* 205 N. Y. 197; *Matter of Trischett,* 184 Misc. 599.) II. The literal meaning of testator's words " remaining grandchildren "

includes grandchildren born after his death. (*Matter of Rumph,* 205 Misc. 404; *Matter of Pulis,* 220 N. Y. 196; *Matter of Coolidge* [*Lee*], 85 App. Div. 295, 177 N. Y. 541.) III. The words " remaining grandchildren " describe a class of remaindermen which includes testator's grandchildren born after his death. (*Herzog* v. *Title Guar. & Trust Co.,* 177 N. Y. 86; *Teed* v. *Morton,* 60 N. Y. 502; *Matter of Tousley,* 205 Misc. 1053; *Jenkins* v. *Freyer,* 4 Paige Ch. 47; *Bisson* v. *West Shore R. R. Co.,* 143 N. Y. 125; *Matter of Bierhoff,* 271 App. Div. 743; *Matter of Doherty,* 227 App. Div. 265; *Brussel* v. *Deitsch,* 190 App. Div. 368; *Matter of Ackerman,* 137 Misc. 910; *Matter of Sheffer,* 139 Misc. 519.) IV. The authority cited by the Surrogate is inapplicable. (*Matter of Watson,* 262 N. Y. 284; *Matter of Bierhoff,* 271 App. Div. 743.)

*Copal Mintz,* special guardian for June D. Brackett and others, infants, respondents, and for Barry S. Brackett, respondent. I. The courts below have correctly held that appellant James M. Engle, who was not in being at the date of testator's death, was not one of testator's " remaining grandchildren " in respect to the provisions for the distribution of principal upon the death of any of the grandchildren who were living at the date of his death. (*Connelly* v. *O'Brien,* 166 N. Y. 406; *Stokes* v. *Weston,* 142 N. Y. 433; *Nelson* v. *Russell,* 135 N. Y. 137; *Matter of Krooss,* 302 N. Y. 424; *Healy* v. *Empire Trust Co.,* 276 App. Div. 305, 301 N. Y. 620; *Matter of Montgomery,* 258 App. Div. 64, 282 N. Y. 713; *Matter of Watson,* 262 N. Y. 284; *Matter of Brown* [*Wing*], 154 N. Y. 313; *Safford* v. *Kowalik,* 278 App. Div. 604; *Matter of Watson,* 201 Misc. 193, 279 App. Div. 840, 279 App. Div. 976, 304 N. Y. 990; *Matter of Dillon,* 200 Misc. 147; *Allen* v. *White,* 201 Misc. 1034; *Matter of Steinhardt,* 279 App. Div. 1055, 305 N. Y. 619.) II. It is doubtful that the appealed from order is appealable. (*Brown* v. *Feek,* 204 N. Y. 238; *Webster* v. *Webster,* 243 N. Y. 520; *Maggi* v. *Sabatini,* 250 N. Y. 296; *City Bank Farmers Trust Co.* v. *Ernst,* 261 N. Y. 82; *Matter of Van Vliet,* 224 N. Y. 545; *Probolsky* v. *Probolsky,* 219 App. Div. 792.)

*Hugh L. Thomson* for Bankers Trust Company, trustee, respondent. The order of the Appellate Division finally determines a special proceeding and is appealable to this court as of

right. (*Matter of Hallock*, 308 N. Y. 299; *Matter of Fields*, 302 N. Y. 262.)

Van Voorhis, J. This appeal is from an order affirming the Surrogate's construction of a will. The problem arises due to the death of one grandchild and the birth of another after the death of testator. The residuary estate is given in trust for his wife during her lifetime, to be divided into three equal parts upon her death. One of these parts is to be subdivided " into as many shares or portions as I may have grandchildren surviving me," and the testamentary trustees are directed " to pay the income from one such share unto each of such grandchildren for and during the term of its natural life and upon its death to pay the principal sum from which it has been receiving the income unto its issue, if any, and, if it leaves no such issue, *unto my remaining grandchildren* in equal shares or portions, the children of any such grandchildren who may be then dead to take the share or portion which their parent would have received had it lived." (Italics supplied.) The question is whether the unqualified language, " my remaining grandchildren ", encompasses afterborn grandchildren and thus all grandchildren who are alive when the contingency occurs, or whether it is limited by referring back to those grandchildren who were alive at the time of the death of testator and who have been previously designated as " grandchildren surviving me ". Testator could not establish a trust for the life of a grandchild not in being at the time of his death, for that would have violated the Rule against Perpetuities (Personal Property Law, § 11; Real Property Law, § 42; *Seitz* v. *Faversham*, 205 N. Y. 197). But nothing stood in the way of his giving a remainder to afterborn grandchildren upon the termination of trusts for the benefit of those who had been born during his lifetime. It is manifest from the next paragraph of the will that testator wanted to provide for afterborn children of his daughter Faith, whom he seems to have considered to have been the child whose age rendered her the most likely to bear children in the future. When it came to distribution on the death of any of these secondary life beneficiaries, the Rule against Perpetuities did not interfere, and we find no difficulty in giving the language its full scope which directs distribution to " my remaining grandchildren ".

The order should be reversed, with costs to all parties appearing separately and filing separate briefs payable out of the estate, and the matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion herein.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and BURKE. JJ., concur.

Order reversed, etc.