Maximilian Moss, S.
In this accounting proceeding petitioner seeks a determination as to the manner in which the assets of the estate shall be distributed. Testatrix left her surviving three children, grandchildren, great-grandchildren, a niece and a grandniece.
By her will testatrix provided for the payment of her lawful debts, bequeathed all her 11 personal effects and insurances” to her daughter and the balance of her estate was to be divided in certain specified cash amounts to named beneficiaries. The testatrix further provided a certain amount to a child of her grandson who was expected to be born in January or February, 1957. The said legatee was born a few days after testatrix executed her will. Since the assets of the estate are insufficient to pay the legatees in full, petitioner proposes to make distribution pro rata.
Except for the specific gift of her personal effects and insurance to her daughter, there is no indication that testatrix intended to prefer any of the legatees. Where, as in the case at bar, no showing has been made that testatrix had any intention of preferring one legatee over another, equality is the rule and preference the exception (Matter of Graves, 143 N. Y. S. 2d 724). The assets of the estate being insufficient to pay the monetary legacies in full, they must abate ratably in proportion to their amount specified in the will (Matter of Howland, 120 Misc. 224, 226; Matter of Corigliano, 9 Misc 2d 847, 849; Matter of Topazio, 175 Misc. 132).
The gift to testatrix’ afterborn great-grandchild does not violate any statute and subject to prorata abatement must be given effect (Hotaling v. Marsh, 132 N. Y. 29, 37; Schmidt v. Jewett, 195 N. Y. 486; Matter of Hosford, 309 N. Y. 23). The bequest of testatrix’ personal effects and insurance to her daughter were specific gifts not subject to abatement (Hamilton *1093 v. Hamilton, 75 Misc. 21; Maynard v. Maynard, 108 Misc. 362, 365; Matter of Nolan, 198 Misc. 979). The will of the testatrix does not contain any residuary clause in which case a broader scope must be ascribed to the words ‘ ‘ all my personal effects ’ ’ as used by the testatrix in the context of the will (Matter of Steimes, 150 Misc. 279, 284; Matter of Gault, 48 N. Y. S. 2d 928; Matter of Jones, 128 Misc. 244; Matter of Burnside, 185 Misc. 808).
The court determines that by use of the term “ all personal effects ” testatrix intended to bequeath to her daughter her jewelry (Matter of Michaelson, 194 Misc. 525; Matter of Ruth, 206 Misc. 423, 429; Matter of Maurer, 192 Misc. 627; Matter of Romeas, 200 Misc. 200). Settle decree on notice.