Maximiliah Moss, S.
By paragraph “ third” of Ms will, testator directed Ms executor to divide Ms residuary estate *508 ‘ ‘ into two halves ’ ’ and provided that distribution be made among the six legatees named therein in certain percentages. The executor seeks a determination with respect to the bequest's made to one of the legatees who predeceased the testator, and as to whether the last-named legatees thereunder, namely, Nettie Skuse and Bertie B. Burton, are entitled to 40% and 20% respectively of one half of the residuary estate or such percentages of the entire residuary estate. Ambiguity has resulted due to the difference in the language used to express the bequests provided for the last-named legatees.
The bequest to each of the first four legatees by the language used in said paragraph “ third ” unmistakably indicates that the respective percentages were to be payable from “ one-half of said residuary estate.” With respect to the percentages bequeathed to the last two legatees named under said paragraph, doubt has been created in that testator indicated that the payment was to be made out of his residuary estate but omitted the words “ one-half.” Each part of said paragraph should not be read piecemeal; but rather within the meaning of the will’s entire content as a whole (Carter, Macy Co. v. Matthews, 220 App. Div. 679, 683, affd. 247 N. Y. 532; Matter of Watson, 262 N. Y. 284; Matter of Upjohn, 304 N. Y. 366). A reading of the expressed directive of the testator at the beginning of each part of paragraph “ third ” to divide all the rest, residue and remainder of his estate “ into two halves ” and to distribute one half among the three legatees named in the first part thereof and the ‘ ‘ remaining one-half ’ ’ to the three legatees named in the second part thereof removes any doubt that the computation of the gifts was based on one half of the residuary estate in each case. The repetition of the words “ one-half of said residuary estate ” in each instance was unnecessary. The inclusion or omission of the words ‘1 one-half ’ ’ neither added to nor detracted from the amounts of the bequests made to the six legatees named thereunder (Matter of Bisconti, 306 N. Y. 442; Matter of Evans, 234 N. Y. 42).
The court determines that the last two legatees named in paragraph “third” of the will are entitled to share in one half of testator’s residuary estate in the respective percentages provided for them in the will. The bequest provided for testator’s cousin, Mrs. William B. McDonald, lapsed inasmuch as she predeceased testator. Such a lapsed legacy may not be used to augment the shares of the other residuary legatees since the residuum passing under the residuary clause cannot be augmented by a “residue of a residue” (Wright v. Wright, 225 N. Y. 329). Inasmuch as the will contains no words of *509 survivorship or gift over, and as the predeceased legatee was a cousin of testator, the lapsed gift is not saved by section 29 of the Decedent Estate Law (Matter of Burnside, 185 Misc. 808), but passes to testator’s distributees as intestate property pursuant to section 83 of the Decedent Estate Law (Wright v. Wright, 225 N. Y. 329, supra).