S. Samuel Di Falco, S.
The executor has petitioned for construction of the decedent’s will in order to determine whether the language used in paragraph third thereof was sufficient to dispose of the entire estate or was so limited in effect as to result in intestacy with respect to the bulk of the testator’s estate.
The paragraph in question reads as follows: “ third: Any and all automobiles and their accessories and equipment, all personal effects and belongings, all jewelry, clothing and other articles for personal use and adornment, and all household furniture and other articles of use or ornament of which I die siezed or possessed or to ivhich I shall be entitled to at the time *416 of my death, and all real property wherever situated of which I die siezed or possessed or to which I shall be entitled to at the time of my death, including all buildings, and other improvements erected thereon, and all the appertainances thereto, or machinery, tools, equipment and accessories located on any such real property at the time of my death or then customarily used in connection with the maintainance or operation of such real property, and also the right, title and interest owned by me at the time of my death in and to the apartment which I then own and reside in as a tennent, I give divise and bequeath under this Clause Third of my will to my brother Harry D. Turner of 1 Sickle Street, Borough of Manhattan, City, County and State of New York, Mrs. Ann Wilke of 655 Burke Avenue, Borough of Bronx, City and State of New York, and Mrs. Celia Milgrim of 47 Arden Street, City, County and State of New York, in equal shares if they shall survive me. In the event that any of the aforesaid shall not survive me, then their respective shares shall be divided between the remaining distributees. ’ ’
Certain facts are alleged which are uncontroverted. At the time the will was drawn in 1964 the decedent’s estate consisted of an automobile, jewelry, clothing, furniture and like items of tangible personal property of a value of approximately $5,000, and of cash, securities and certificates of deposits valued at approximately $50,000. The decedent owned no real property either at the time the will was drawn or at the time of his death. His closest relatives at the time were his brother and the two sisters mentioned in the will and nephews and nieces, the children of his living brother and sisters and of two predeceased sisters. His brother, Harry D. Turner, died after the execution of the will but prior to the death of the decedent.
Nowhere in the will are any of the decedent’s nieces and nephews mentioned and no alternative gift over to them is made in the event of the death of a named legatee. Nevertheless, it is the contention of the respondent nephews and nieces that it was the decedent’s intent when he made his will to dispose of only his automobile, jewelry, clothing, furniture and like items of tangible personal property and to die intestate as to the bulk of his estate consisting of cash, securities and certificates of deposit.
The court finds it difficult ,to arrive at such a conclusion. On the contrary the will, when carefully read, evidences an intent to dispose of all of the testator’s property both real and personal and such intent when found should not be frustrated by the inept, awkward and carelessly chosen language used by the will draftsman (Matter of Fabbri, 2 N Y 2d 236; Matter of *417 Farmers’ Loan Trust Co. 189 N. Y. 202; Phillips v. Davies 92 N. Y. 199, 204).
The terms “ personal effects ” and “ personal belongings ” have no fixed technical meaning. In each case the context within which they are found will determine the meaning (Matter of Mann, 4 Misc 2d 387; Matter of Maurer, 192 Misc. 627; Matter of Michaels on, 194 Misc 525). The rule of ejusdem generis is applicable only when the intent of the testator to restrict or limit the particular types of property bequeathed can be inferred from the position of the words “ personal effects ” in the text. Thus when a testator uses the words “personal effects ” or “ personal belongings ” as a catchall phrase descriptive of enumerated types of tangible personal property, the bequest will be held to be restricted to only the type of property enumerated (Matter of Robinson, 203 N. Y. 380; Matter of Thompson, 218 App. Div. 130, affd. 245 N. Y. 565). No such conclusion can be reached from an examination of this will.
Careful scrutiny of the language used by the testator in the case at bar discloses that the first type of property bequeathed consisted of his “ automobiles and their accessories and equipment.” The second type of property bequeathed was “ all personal effects and belongings ”. The third type of property bequeathed was “ all jewelry, clothing and other articles for personal use and adornment ”.. In the balance of the paragraph the testator went on to bequeath household furniture and other articles of use or ornaments of which he died seized and possessed, all his real property with the buildings and improvements erected thereon including tools, equipment and accessories located on the real property and even any right, title or interest he might have in and to the apartment which he resided in as a tenant.
The misspelled words, the awkward sentence structure and the inexact and inappropriate language used by the will draftsman are evidence of his lack of expertise in the drafting of wills. Simplicity of language, though much desired, is unfortunately not a virtue found in many lawyers. The draftsman of this will in his desire to make the bequest all inclusive and to cover all of the decedent’s assets including real property, of which he had none, felt it necessary to enumerate every type of tangible personal property owned by the decedent or which might thereafter come into his possession, and became so involved in the process that he neglected to include the obvious, to wit, cash and securities. Nevertheless, in the opinion of this court, the use of the phrase “ all personal effects and belongings ” in the context of this will is sufficient to effectuate *418 .the testator’s intent (Matter of Mann, supra; Matter of Maurer, supra; Matter of Greene, 25 A D 2d 25).
Note must also be taken of the authority vested in the executor under the provisions of paragraph seventh to sell, dispose of and distribute in kind ‘ ‘ all property real and personal ’ ’. This grant of authority with respect to all property can only mean that the testator when he executed his will was of the belief that he was disposing of all his assets and not just his automobile and personal effects valued at approximately $5,000.
A further example and proof of the draftsman’s lack of expertise can be found in his use of the words “ remaining distributees ” at the end of paragraph third. These words as used by the draftsman of this will obviously refer back to the three persons named by .the testator as the objects of his bounty and are intended to vest the share of any of the three who should die prior to the testator in the survivor or survivors. The word “ distributees ” was not used by this draftsman as a word of art but rather as descriptive of the three named legatees.
The presumption that when a man makes a will he does not intend to die intestate is a strong one (Matter of Hayes, 263 N. Y. 219; Matter of Fabbri, 2 N Y 2d 236, 240, supra; Matter of Gautier, 3 N Y 2d 502, 509; Matter of Dammann, 12 N Y 2d 500). In the case at bar there is no indication that the decedent when he executed his will intended to dispose of only part of his estate to his living brother and two sisters and to allow the bulk of his estate to be distributed as intestate property. As this court stated in Matter of Nager (45 Misc 2d 1050,1053): ‘ ‘ it is the duty of the court to subordinate the language to the testamentary intention ’ ’. Authority for this statement is found in Phillips v. Davies (supra), and has been followed by our courts consistently since that decision (Matter of Fabbri, supra; Matter of Larkin, 9 N Y 2d 88).
The court finds that under the language of the will the decedent’s estate is now distributable to his two surviving sisters.