William J. Regan, S.
In this judicial settlement proceeding the court has been asked to construe article third of the last will and testament of Ernest M. Hammond, deceased. The decedent executed his will oh July 3, 1956, and died shortly thereafter. At the time of his death he was survived by his wife, Florence E. Hammond, a daughter, Florence E. Garvey and three grandchildren, Michael Ernest Garvey, Nancy Elizabeth Garvey and Leonard H. Garvey, Jr. Subsequent to his death, there were bom of his daughter, Florence E. Garvey, two other grandchildren, namely, Mark John Garvey, born on July 16, 1958 and David J ames Garvey, born on July 3, 1961.
In his will the decedent provided an article third thereof as follows: ‘ ‘ third : I give and bequeath the following sums: The sum of Ten Thousand Dollars ($10,000) to my son-in-law, Leonard h. garvey; the sum of Twenty-five Thousand Dollars ($25,000) to each of my grandchildren, michael ernest garvey, NANCY ELIZABETH GARVEY and LEONARD H. GARVEY, JR., and also to each additional grandchild of mine, if any, who shall be born after the date hereof: ’ ’
The will also provided, among other things, a trust for the benefit of the wife of the deceased and a trust for the benefit of his daughter, Florence E. Garvey, with provision for the grandchildren to share in the residuary of the trust. The trustees, by their account herein, indicate that the sum of $25,000, was transferred on August 4, 1958 from the daughter’s trust to establish a trust for the benefit of Mark John Garvey and a similar transfer was made on the 2d day of August, 1961, in a like amount to establish a trust for the benefit of David James Garvey. In view of the apparent conflict of interest that exists between the three grandchildren that were born during the lifetime of the deceased and the two grandchildren born subsequént to his death, the court was compelled to appoint two guardians ad litem to protect the respective interests of the said infants. The question that arises is whether or not the two grandchildren born after the death of the deceased are entitled to the bequest of $25,000 and whether the trustees acted properly in transferring the funds as aforesaid. The guardian ad litem in behalf of the after-born grandchildren contends that the decedent intended by his will to benefit all grandchildren equally, and cites in support thereof Matter of Smith (131 N. Y. 239) and Matter of Hosford (309 N. Y. 23). It is further con *903 tended that by virtue of EPTL 9-1.1 there is no violation of the Statute of Perpetuities. The guardian in behalf of the three grandchildren contends that a bequest of a primary legacy to a person not in being at the date of the creation of the estate is in violation of the Statute of Perpetuities and that the testator intended only that his daughter employ the power of attorney granted to her under the provisions of his will to treat all the grandchildren of -the deceased equally.
A review .of the Smith and Hosford cases satifies this court that such cases are not applicable to the issue before it. Both cases indicate a gift to a class of persons distributable at a time subsequent to the death of the testator. Neither case deals with a definite general bequest as provided in decedent’s will. As stated in Matter of Hosford (309 N. Y. 23, 26, supra): “ Testator could not establish a trust for the life of a grandchild not in being at the time of his death, for that would have violated the Rule against Perpetuities ”.
In this regard the statute is explicit. EPTL 9-1.1 states as follows:
“ (a) (1) The absolute power of alienation is suspended when there are no persons in being by whom an absolute fee or estate in possession can be conveyed or transferred.
“ (2) Every present or future estate shall be void in its creation which shall suspend the absolute power of alienation by any limitation or condition for a longer period than lives in being at the creation of the estate and a term of not more than twenty-one years. Lives in being shall include a child conceived before the creation of the estate but born thereafter. In no case shall the lives measuring the permissible period be so designated or so numerous as to make proof of their end Unreasonably difficult.”
In view of the above and under all the circumstances, it appears to the satisfaction of this court that the after-born grandchildren of the decedent, Mark John Garvey and David James Garvey, cannot, as a matter of law, take the general bequest provided by article third of decedent’s will. It is accordingly the decision of this court that the moneys transferred from the Florence E. Garvey trust be repaid to the trustees of the trust and that the income that has accrued therefrom be properly repaid and allocated to the income beneficiary of the main trust.