**Martin Creg SIEREN, Appellant,**

v.

**Susan Kathleen Sieren BAUMAN, Appellee.**

No. 87–1139.

Supreme Court of Iowa.

Feb. 22, 1989.

John N. Wehr, Sigourney, and Emil Trott, Jr. of Barrett & Trott, Des Moines, for appellant.

Patrick F. Curran of Vinyard and Curran, Ottumwa, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

CARTER, Justice.

Martin Creg Sieren, plaintiff and defendant to counterclaim in the district court, appeals from the judgment entered against him on the counterclaim of defendant, Susan Kathleen Sieren Bauman. The court of appeals affirmed. We granted further review.

The parties were previously married to one another. In May 1985, their marriage was dissolved by a decree of the Iowa District Court for Keokuk County. As part of that decree, Susan was required to execute a promissory note for $2500 in favor of Martin. The note called for monthly payments of $100.

It was also provided in the dissolution decree that Susan be awarded certain personal property. This property included an automobile, furniture in her possession, her horses, and "her clothing and personal effects wherever located." All personal property not contained in the description of property awarded to Susan was awarded to Martin.

In July 1986, Susan was in default on the promissory note, and Martin filed a small claims petition in the Iowa District Court for Wapello County seeking to recover the unpaid balance. Susan counterclaimed in this action alleging among other things that Martin had "misappropriated property belonging to [her], had sold the same and kept the proceeds."

The action was transferred from the small claims docket for trial by ordinary procedure on the basis that, considering Susan's counterclaim, the amount in controversy exceeded $2000. At trial Susan confessed judgment on the note. Following trial of Susan's counterclaim, the court found that, as a result of certain items of personal property awarded her under the dissolution decree not having been turned over by Martin, she had been damaged in the sum of $1800. The findings of the court resulted in a judgment of $1450 in favor of Martin against Susan and a judgment of $1800 in favor of Susan against Martin.

Martin's appeal from the judgment against him was transferred to the court of appeals and was affirmed by that court. We granted further review, primarily to consider Martin's claim that the district

associate judge who heard the case in the district court exceeded his jurisdiction by modifying the parties' dissolution decree.

I. *Whether the District Associate Judge Had Jurisdiction to Consider the Conflicting Claims of the Parties to Property Awarded Under the Dissolution of Marriage Decree.*

Martin's first claim on appeal is that the district associate judge who heard this case lacked subject matter jurisdiction to resolve the conflicting claims of the parties with respect to the property which had been awarded to Susan under the dissolution decree. This claim is premised on the contention that the judge's findings modified the original property division. We find no merit in this contention.

■ A decree dissolving a marriage finally settles all property rights and interests of the parties in the property of each other. *Carr v. Carr*, 185 Iowa 1205, 1211, 171 N.W. 785, 787 (1919). The effect of a judgment determining interests in property is described as follows in Restatement (Second) of Judgments section 43 (1982):

A judgment in an action that determines interests in real or personal property:
(1) With respect to the property involved in the action:
(a) Conclusively determines the claims of the parties to the action regarding their interests....

Comment *a* to this Restatement section provides:

When an action has been brought concerning rights to property, the judgment determines the extent of the property interests of each person whose claims are within the scope of the adjudication.... The effect of the determination is to delimit, as between such parties, what each has by way of an ownership interest in the object. It is therefore an involuntary realignment of their interests in the property and in effect a conveyance from the losing party to the winning party.

We interpret the foregoing rule of law as providing that the property division in a marriage dissolution decree is self-execu-ting with respect to the creation of new title or ownership interests.

■ All of that property awarded Susan under the May 1985 dissolution decree was hers at the time she filed her counterclaim and she was entitled to all protection which the law affords owners of similar personal property. Actions between married persons for conversion of a spouse's separate property is permitted by Iowa Code sections 597.2 and .3 (1987). *A fortiori*, parties who are no longer married may pursue law actions for conversion of their individual property against former spouses.

■ Martin's contention that the action of the district associate judge amounted to a modification of the dissolution decree is simply another way of saying that he believes the judge erred in the interpretation he placed on that decree. In resolving the conflicting claims to property, where one of the parties relied on a prior judgment as a muniment of title, the judge was required to interpret the scope of the prior judgment. We know of no rule of law, however, that requires these issues to be determined by the dissolution court.

If the district associate judge, trying the conversion action, applied the prior judgment according to its terms, he was only giving effect to the property interests of the parties as established by the evidence. If he misapplied or misinterpreted the prior judgment, he was committing legal error. Such legal error is not jurisdictional, however, and may be reviewed on the basis of whether the interpretation was erroneous.

II. *Whether the Judgment in the Conversion Action Was Based on a Misinterpretation of the Property Interests Granted Susan in the Dissolution Decree.*

The second issue presented is whether the district associate judge who tried the conversion action misinterpreted the dissolution decree which had been entered by the Iowa District Court for Keokuk County. The disputed items are those which the dissolution court had awarded to Susan as her "personal effects." These items included a pair of chaps, a high school yearbook, a pistol, a string of rosary beads, a shadowbox picture, a sapphire and diamond

ring, a wedding band, some recipe books, a horse stall, a colt feeder (for horses), three rubber buckets (for horses), and two rubber tubs (for horses), a pair of boots, a figurine, a candelabra, a sconce, a disc camera, an ice cream freezer, a mirror, an antique liquor bottle, a crystal candy dish, two bowls and servers, a plate collection, and a crystal relish dish.

A dissolution of marriage decree is susceptible to interpretation on the same basis as other instruments, the determinative factor being the intent of the dissolution court as gathered from the language of the decree and the context in which it was rendered. *Bowman v. Bennett,* 250 N.W.2d 47, 50 (Iowa 1977). In *Forsyth v. Forsyth,* 210 N.W.2d 430, 431 (Iowa 1973), this court determined that a diamond ring was encompassed within the provision of a decree relating to "personal effects." Other courts which have considered the meaning of "personal effects" have indicated that the phrase is not a term of art, has no fixed or settled meaning, and that its meaning must be ascertained within the context of the situation in which it is employed. *See, e.g., Corcoran v. Gage,* 289 Mass. 111, 113, 193 N.E. 575, 576 (1935); *In re Estate of Michaelson,* 194 Misc. 525, 526, 88 N.Y. S.2d 59, 60 (1949); *In re Estate of Maurer,* 192 Misc. 627, 628, 84 N.Y.S.2d 153, 154 (1948).

Martin contends that the interpretation of the term "personal effects" in the trial of the conversion action was undertaken without any reason or rationale. We disagree. A comparison of that property found to be Susan's with that property which she claimed, but which was found not to belong to her, reveals the implicit reasoning behind the findings.

It was the finding in the conversion action that Susan had been awarded by the dissolution court all those items which had a use unique to her, *e.g.,* her clothing, jewelry, boots, and the equipment which had been used exclusively by her in her horse-raising hobby. For the most part, these were items which had a unique sentimental value to Susan. Moreover, the property found to belong to Susan consisted of items to which she would have had a strong claim in the dissolution action. We find little, if any, basis for the dissolution court having awarded those items to Martin. We do not articulate these conclusions as a means of superseding the dissolution decree, but merely as an aid to interpreting it.

We have considered all statements and arguments of the parties and determine that the decision of the court of appeals and judgment of the district court should be affirmed.

AFFIRMED.